IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB N. JONES and<br>PEGGY C. JONES,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE FARM INSURANCE<br>COMPANY, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 2:05cv1119<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

COME NOW Defendants, State Farm Fire and Casualty Company (hereinafter "State Farm Fire") and Ron Nall (hereinafter "Nall"), and give notice of removal of the above-styled action from the Circuit Court of Covington County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for the removal of this action, Defendants aver the following:

    1.    Upon information and belief Plaintiffs Jacob and Peggy Jones are both citizens of the State of Alabama residing in Covington County, Alabama.

    2.    Defendant State Farm Fire and Casualty Company is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois. Defendant State Farm Fire is a citizen of the State of Illinois.

    3.    Defendant Ron Nall is a citizen of the State of Alabama residing in Covington County, Alabama. Defendants, however, contend that Nall has been fraudulently joined to this action. The Complaint filed by Plaintiffs alleges claims for breach of contract, negligent failure

to procure insurance, bad faith, fraud, negligent and wanton failure to issue a policy of insurance and wanton failure to procure a policy of insurance. Plaintiffs have alleged mental anguish and asked for compensatory and punitive damages and the costs and expenses incurred. Defendants have filed contemporaneously with this Notice of Removal, a Motion to Dismiss filed by Defendant Nall for failure to state a claim pursuant to FED.R.CIV.P.12(b)(6). Defendant Nall should be dismissed as a matter of law, therefore maintaining the requirement of diversity of citizenship pursuant to 28 U.S.C. § 1441. The Eleventh Circuit has recognized that a defendant has been fraudulently joined if there is no possibility the plaintiff can prove any cause of action against the resident under prevailing law. *Cabalecta v. Standard Fruit Co.*, 883 F. 2d 1553, 1556 (11th Cir. 1989); *Insigna v. LaBella*, 845 F. 2d 249, 254 (11th Cir. 1989). The determination of whether the resident defendant has been fraudulently joined is made based upon the plaintiff's pleadings at the time of removal. *Id.*; see also *Pullman Co. v. Jenkins*, 305 U.S. 534 537; 59 S.Ct. 347, 359; 83 L.Ed. 334 (1939). The District Court is required to consider submitted affidavits and other evidence to determine whether fraudulent joinder has occurred and removal is proper. *Legg v. Wyeth*, 2005 WL 2756717 (11th Cir. (Ala)).

    4.    Defendant Nall was served in this action on October 25, 2005, with a Complaint alleging claims for negligent failure to procure insurance, bad faith, fraud, negligent and wanton failure to issue a policy of insurance and wanton failure to procure a policy of insurance. Defendant State Farm was served in this action on October 14, 2005 by Complaint alleging breach of contract, negligent failure to procure insurance, bad faith, fraud, negligent and wanton failure to issue a policy of insurance and wanton failure to procure a policy of insurance. A copy of the Complaint is attached hereto as Exhibit "A."

5. Other than the filing of the Complaint identified as Exhibit "A", and the discovery requests that were served with the Complaint, a copy of which forms composite Exhibit "B", no other proceedings have taken place in state court as to the subject matter of Exhibit "A".

6. This action is subject to removal on the basis of diversity of citizenship in that Plaintiffs were and are residents and citizens of the State of Alabama and Defendant State Farm Fire and Casualty Company is a corporation with its principal place of business in the State of Illinois.

7. Defendants maintain that removal of the action initiated by the Plaintiffs is justified. This is a separate and independent claim which would be removable on its own right. See *Motor Vehicle Cas. Co. v. Russian River County Sanitation Dist.*, 538 F. Supp. 488 (D.C. Cal. 1981). The action being removed is removable due to diversity based on 28 U.S.C. § 1441 (a).

8. In addition to diversity of citizenship among the real and proper parties to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that there is a sufficient basis that the jurisdictional amount in controversy could possibly be met. In their Complaint, Plaintiffs seek an undetermined amount in damages, however, the Complaint alleges Plaintiffs' home and the contents therein were completely destroyed by fire. Plaintiffs further contend that State Farm miscalculated the stated value on the policy issued in 1997 and the actual value of the house is substantially higher. A copy of the homeowner's policy declarations policy is attached as Exhibit "C." Plaintiffs obtained estimates for repair/replacement in the amounts of $ 237,840.00 and $ 213,456.00. A copy of these estimates is attached as Exhibit "D." The difference between the average of the estimates and the limits is $106,518.00 which in and of itself exceeds the amount in controversy. Coupled with

Plaintiffs' claims for mental anguish and punitive damages, State Farm submits the amount in controversy clearly exceeds $75,000.

9. In *De Aguilar v. Boeing Co.*, 11 F. 3d 55 (5th Cir. 1993), the court held that "[when the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a **preponderance of the evidence** that the amount in controversy exceeds $50,000 [$75,000]. *Id.* at 58 (emphasis added) (citations omitted). In determining whether the requisite amount in controversy exists to support federal jurisdiction, it is well settled that "the defendant bears the burden, **albeit the light burden**, of showing that the required amount is in controversy. To do so, defendants must show only that it **does not** appear to a legal certainty that the claim is for less than the jurisdictional amount." *Locklear v. State Farm Mut. Automobile Ins. Co.*, 742 F. Supp. 679, 680 (S.D. Ga. 1989) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)) (emphasis added), 5 F. 3d 81, 84 (5th Cir. 1993). This analysis comports with the preponderance of evidence standard put forth in *De Agilar, supra.*

10. This Notice of Removal is filed with this Court within 30 days of service of process on this Defendant.

11. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332, and since Defendant State Farm Fire is not a resident citizen of the State of Alabama, wherein the above-entitled action is pending, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(c).

12. All Defendants have consented to the removal as required by 28 U.S.C. § 1446(b) and written confirmation of that consent is attached hereto as Exhibit "E".

13. Notice of the Defendants' removal of the above-styled action has been given to the Clerk of the Circuit Court of Covington County, Alabama, and to the Plaintiffs, as required by 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit "F".

WHEREFORE, Defendants have removed this action from the Circuit Court of Covington County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

_____
MICHEAL S. JACKSON [JACKM8173]
MICHAEL B. BEERS [BEERM4992]
Attorneys for Defendants State Farm Fire and Casualty Company and Ron Nall

OF COUNSEL:

BEERS, ANDERSON, JACKSON,
  PATTY, & VAN HEEST, P.C.
Post Office Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Marcus N. Jones
2416 Walking Fern Lane
Hoover, Alabama 35244

on this the 22nd day of November, 2005.

_____
OF COUNSEL