IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| JACOB N. JONES and ) | |
| PEGGY C. JONES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.: CV: _____ |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | JURY TRIAL DEMANDED |
| COMPANY; RON NALL, individually, ) | |
| and as employee, servant or agent of ) | |
| State Farm Fire and Casualty Company; ) | |
| FICTITIOUS PARTY DEFENDANTS ) | |
| 1-25, intending to designate those ) | |
| person(s), corporations or other entities ) | |
| who in any way participated, ) | |
| contributed, or supervised in the ) | |
| advising of or procuring of an insurance ) | |
| policy which Plaintiffs requested; and ) | |
| FICTITIOUS PARTY DEFENDANTS ) | |
| 26-50, being those persons who had in ) | |
| the past issued a policy of homeowners' ) | |
| insurance to the Plaintiffs or which ) | |
| should have issued a policy of ) | |
| homeowners' insurance to the Plaintiffs ) | |
| after such coverage was bound by its ) | |
| agent(s), ) | |
| ) | |
| Defendants. ) | |

FILED IN OFFICE
OCT 14 2005

## COMPLAINT

Plaintiffs, Jacob N. and Peggy C. Jones, file this their Complaint against State Farm Fire and Casualty Company (hereinafter referred to as "State Farm"), Ron Nall, individually and as agent of State Farm, and Fictitious Party Defendants 1-50. In support thereof, the Plaintiffs would state the following:

### PARTIES

1. Plaintiff, Jacob N. and Peggy C. Jones, are adult residents of Covington County, Alabama.



EXHIBIT A

1

2. Defendant, State Farm Fire and Casualty Company, is an Illinois corporation, duly qualified to do business in the State of Alabama and is and was doing business in Covington County, Alabama at all times pertinent hereto.

3. Defendant, Ron Nall, is an adult resident of Covington County, Alabama.

4. Fictitious Defendants 1-25 are the persons, corporations or entities who in any way participated, contributed or supervised in the advising of or procuring of an insurance policy that the Plaintiffs requested. The true and correct names of these Defendants are unknown, but will be added by amendment when ascertained.

5. Fictitious Defendants 26-50 are the persons, corporations or entities who had in the past issued a policy of homeowners' insurance to the Plaintiffs or which should have issued a policy of homeowners' insurance to the Plaintiffs after such coverage was bound by its agent. The true and correct names of these Defendants are unknown, but will be added by amendment when ascertained.

## VENUE AND JURISDICTION

6. This cause of action accrued within Covington County, Alabama. This court has jurisdiction over this action for the additional reasons that Plaintiff, Ron Nall resides in Covington County, Alabama, and State Farm does business in Covington County, Alabama. In addition, the amount in controversy exceeds Ten Thousand Dollars and no/100 ($10,000.00).

7. Venue is proper in Covington County, Alabama pursuant to *Ala. Code*, Section 6-3-5, because the Plaintiffs reside in Covington County, Alabama and pursuant to *Ala. Code*, Section 6-3-7. Venue is likewise proper in Covington County, Alabama pursuant to *Ala. Code*, Section 6-3-2, because Ron Nall resides in Covington County, Alabama and the Fictitious

2

Defendants reside and/or work in Covington County, Alabama where the events and admissions complained of herein occurred.

## FACTS

8. Sometime in the 1970s, Jacob N. and Peggy C. Jones contacted then agent Mark King, their State Farm agent at that time, to procure homeowners' insurance on their property located at 30368 Straughn School Road, Andalusia, Alabama 36421 (formerly known as Route 2, Box 214-A, Andalusia, Alabama 36420 and hereinafter referred to as 30368 Straughn School Road), located in what is known as the Straughn Community.

9. On or about July 28, 2004, the Jones' residence was destroyed by fire. At the time of the fire, the Joneses had resided in said home for over 30 years, losing invaluable and irreplaceable memorabilia and personal items.

10. On that same date, the Joneses contacted their current State Farm agent, Ron Nall, and notified him of the fire.

11. It has since come to the attention of the Jones's that when the policy was updated in 1997, then State Farm agent Mark King, determined the stated value of the property based on a square footage calculation that he conducted and which was subsequently in error. At that time, the Jones's policy was updated to the stated value calculated by the current State Farm agent.

12. State Farm agreed to only cover the residence up to the stated value reflected upon the State Farm policy, even though the replacement value was substantially higher.

13. The Joneses have provided two estimates at the request of State Farm on the cost to replace the structure.

OCT 14 2005

3

14.     The Jones' annual insurance declaration statement declares on its face that the Joneses have replacement value.

## COUNT I
## BREACH OF CONTRACT

15.     Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs.

16.     Through its agent, Mark King, State Farm sold and should have issued to the Joneses an insurance policy covering the entire square footage and the correct stated value of their residence. After being notified by the Joneses of the fire at their residence on July 28, 2004, State Farm denied coverage to the Joneses for the full replacement value of their residence.

17.     State Farm has breached its policy with the Joneses by failing to provide full and complete coverage.

18.     As a proximate consequence of said breach of contract the Plaintiffs' were caused to suffer damages, to include, but not limited to, the following: They were caused to incur legal fees in this action; they were caused to incur additional loans for replacement of their destroyed home of thirty, plus, years; they lost sleep and suffered depression and continue to do so; they have been caused to suffer great mental anguish and emotional distress; and they have otherwise been damaged.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT II

## NEGLIGENT FAILURE TO PROCURE INSURANCE

19. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs.

20. Plaintiffs sought and relied upon the advice and counsel of Ron Nall, prior State Farm agent Mark King and Fictitious Defendants regarding the appropriate procedure for procuring insurance policies to provide coverage for their residence located in the Straughn Community, Covington County, Alabama. The Joneses relied on the pattern and practice of contacting Nall and prior agent King by telephone to procure insurance. The agents indicated to the Plaintiffs that they had replacement value homeowners' insurance coverage, sufficient to cover the replacement value of their residence.

21. The Defendants failed to exercise due care in the procurement and sale of policies of insurance to the Plaintiffs.

22. The Defendants' negligence and/or failure to exercise reasonable care in the procurement and sale of insurance policies to the Plaintiffs caused the Plaintiffs damage in that State Farm has refused the Plaintiffs' claim.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT III

## BAD FAITH

23. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs.

24. In adjusting Plaintiffs' claim, Defendant State Farm, through Ron Nall, its agent, acting within the line and scope of his authority, acted unreasonably in denying payment of Plaintiffs' claim without having any reasonable grounds for doing so. Defendant State Farm knew that it had no reasonable grounds for denying Plaintiffs' claim and acted in reckless disregard of that fact.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT IV

## FRAUD

25. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs.

26. In 1997, Plaintiffs negotiated with a State Farm agent for a policy of insurance for replacement value on the Plaintiffs' home located at 30368 Straughn School Road, Andalusia, Alabama 36421. At that time, prior agent of State Farm, Mark King, represented to the Joneses that they had replacement coverage insurance on their home since the inception of the policy.

6

27. The representations made by prior State Farm agent Mark King misrepresented to the Joneses they had replacement coverage on their homeowner's insurance policy. This was a misrepresentation of material fact.

28. The Plaintiffs believed then State Farm agent Mark King's statements and relied upon them. They have suffered damages as a result of their reliance.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT V

## NEGLIGENT AND WANTON FAILURE TO ISSUE A POLICY OF INSURANCE

29. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs.

30. The Plaintiffs sought and relied upon the advice and counsel of State Farm, through its agent Ron Nall, prior agent Mark King and Fictitious Defendants, regarding the appropriate procedure for writing the policies of insurance which provided adequate replacement value coverage for their residence located at 30368 Straughn School Road, Andalusia, Alabama 36421.

31. State Farm failed to exercise due care in the issuance and sale of policies of insurance to the Plaintiffs.

32. State Farm's negligent and/or wanton failure to exercise reasonable care in the issuance and sale of insurance policies to the Plaintiffs caused the Plaintiffs damage.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT VI

## WANTON FAILURE TO PROCURE A POLICY OF INSURANCE

33. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs.

34. Plaintiffs sought and relied upon the advice and counsel of agent Ron Nall, prior State Farm agent Mark King and Fictitious Defendants regarding the appropriate procedure for procuring insurance policies to provide adequate coverage for their residence located at 30368 Straughn School Road, Andalusia, Alabama 36421 (formerly known as Route 2 Box 214-A, Andalusia, Alabama 36420). The Joneses relied on the Defendants' knowledge and expertise when writing the insurance policy. The Defendants indicated to the Plaintiffs that they had homeowner's replacement value coverage insurance.

35. The Defendants failed to exercise due care in the procurement and sale of policies of insurance to the Plaintiffs.

36. The Defendants' wanton failure to exercise reasonable care in the procurement and sale of insurance policies to the Plaintiffs caused the Plaintiffs damage in that State Farm has refused the Plaintiffs' claim.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

Respectfully submitted this the 28th day of September, 2005.

*/s/ Marcus N. Jones*
MARCUS N. JONES
Attorney for Plaintiffs
2416 Walking Fern Lane
Hoover, Alabama 35244
Telephone: (205) 402-0942

PLAINTIFFS DEMAND TRIAL BY STRUCK JURY

*/s/ Marcus N. Jones*
MARCUS N. JONES
Attorney for Plaintiffs

FILED IN
OCT 14 ...