IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB N. JONES and<br>PEGGY C. JONES,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE FARM INSURANCE<br>COMPANY, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.  2:05CV1119-F<br>)<br>)<br>)<br>)<br>) |

## MOTION TO DISMISS

NOW COMES Defendant Ron Nall (hereinafter "Nall") and moves this Court to dismiss Counts Two, Three, Five and Six of Plaintiffs' Complaint pursuant to Rule 12(b)(6), FEDERAL RULES OF CIVIL PROCEDURE. Counts Two, Three, Five and Six of Plaintiffs' Complaint fail to state a claim against Nall upon which relief can be granted. Plaintiffs can prove no set of facts in support of any allegation set forth in Counts Two, Three, Five and Six of the Complaint that would entitle them to relief against Nall.[1] In support thereof, Defendant Nall states as follows:

## I. INTRODUCTION

Plaintiffs' Complaint arises from their submission of a claim to State Farm Fire and Casualty Company (hereinafter "State Farm Fire") regarding the destruction by fire of their house and the contents therein. Plaintiffs' Complaint alleges Defendant Nall negligently failed to procure insurance, acted in bad faith in adjusting Plaintiffs' claim for coverage, negligently and wantonly

---

[1]Count One is asserted only against State Farm by and through its agent Mark King and alleges breach of contract.

failed to issue a policy of insurance and wantonly failed to procure a policy of insurance. As will be demonstrated below, even when this allegation is viewed most strongly in Plaintiffs' favor, Defendant Nall contends that there is no circumstance which would entitle Plaintiffs to relief.

## II. ARGUMENT

### A.    MOTION TO DISMISS STANDARD

This Court is well acquainted with the standard of review in considering motions to dismiss pursuant to Rule 12(b) of the FEDERAL RULES OF CIVIL PROCEDURE, such that the standard need not be repeated in detail here. Suffice it to say, "Dismissal of a complaint under Rule 12(b)(6) for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Blackston v. State of Ala.*, 30 F.2d 117, 120 (11th Cir. 1994) quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). *See also Cannon v. Macon Co.*, 1 F.3d 1558 (11th Cir. 1993). Therefore, dismissal is appropriate where, under any set of facts which could be proven, Plaintiffs would be entitled to no relief. *See e.g., Hartford Fire Ins. Co. v. California*, 113 S,Ct. 2891, 125 L.Ed.2d 612 (1993), *on remand In re Insurance AntiTrust Litigation*, 5 F.3d 1556 (1994); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Woods v. Internal Revenue Service*, 3 F.3d 403 (11th Cir. 1993); *Madison v. United States*, 752 F.2d 607 (11th Cir. 1985). Counts Two, Three, Five and Six of Plaintiffs' Complaint fails to state any claim against Defendant Nall which would allow Plaintiff to recover under the law.

**B.     THERE CAN BE NO BAD FAITH WITHOUT THE EXISTENCE OF AN INSURANCE CONTRACT AND A BREACH THEREOF.**

The tort of bad faith was recognized by the Alabama Supreme Court to provide the insured with a tool to battle injustice against what appeared to be a formidable foe, his own insurance company. The elements of bad faith were set out long ago in *National Security Fire & Casualty Co. v. Bowen*, 417 So. 2d 179 (Ala. 1982):

> (a) [A]n insurance contract between the parties and a breach thereof by the defendant;
>
> (b) an intentional refusal to pay the insured's claim;
>
> (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
>
> (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
>
> (e) if the intentional failure to determine the existence of a lawful basis is relied upon, plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

*Id.* at 183.

Though attempts have been made to expand the tort out of the insurance context, the court has held true to the concept that bad faith must be based on an **insurance contract**. *See Brown-Marx Associates, Ltd. v. Emigrant Savings Bank*, 527 F. Supp. 277 (N.D. Ala. 1981); *Tanner v. Church's Fried Chicken*, 582 So. 2d 449 (Ala. 1991). In fact, the court very plainly stated the "existence of an insurance contract between the parties is a **threshold requirement** in a bad faith claim." *Aplin v. American Security Ins. Co.*, 568 So. 2d 757, 758 (Ala. 1990) (emphasis added) (quoting *Tyson v. Safeco Ins. Co.*, 461 So. 2d 1308, 1311 (Ala. 1984)). Without the existence of

the contract, there can be no bad faith. *See LeFevre v. Westberry et al.*, 590 So. 2d 154 (Ala. 1991) (in order to recover on a claim alleging bad faith refusal to pay on a direct claim insured must prove the existence of an insurance contract); *National Security Fire & Cas. Co. v. Bowen*, 417 So. 2d 179 (Ala. 1982) (plaintiff in a bad faith refusal case has the burden of proving an insurance contract between the parties.) There must be a contract of insurance between the parties before there can be bad faith. Without the contract, the claim for bad faith will not lie because Alabama does not recognize a cause of action for bad faith against any party other than the insurance company issuing the policy. Defendant Nall was not a party to any policy of insurance received by Plaintiffs. The contract of insurance that is the subject matter of this cause of action exists between Plaintiffs and Defendant State Farm Fire.

Additionally, Plaintiffs do not allege that Defendant Nall breached any contract entered into with them. Plaintiffs' breach of contract claim is against only State Farm Fire through its agent Mark King. Plaintiffs make no mention of Defendant Nall whatsoever in their allegations of breach of contract.

Plaintiffs have failed to satisfy even the first requisite element of a bad faith claim. There is no evidence of any contract between Plaintiffs and Defendant Nall and no allegations of a breach of said contract. The only contract at issue is the insurance contract entered into between the Plaintiffs and State Farm Fire. Nall is not a party to that contract and is therefore due to be dismissed from Count Three of Plaintiffs' Complaint.

C.    RON NALL HAS NEVER HANDLED THE PLAINTIFFS' HOMEOWNERS POLICY AND WAS NOT INVOLVED IN ANY MANNER IN THE PROCUREMENT OR ISSUANCE OF SAME.

Plaintiffs allege in their Complaint that they relied upon the advice of Ron Nall in the procurement of adequate coverage for their residence and the issuance of a policy. However, Plaintiffs' assertion is without merit. Plaintiffs admit in their Complaint that the alleged miscalculations which resulted in their being under-insured for their loss were performed in 1997 by Mark King. At no point in Plaintiffs' statement of facts do they contend that Ron Nall was in any way involved in the procurement, issuance or valuation of their homeowner's policy. By Plaintiffs' own admission, Mark King was the agent through which they obtained coverage and who performed the alleged miscalculations which caused them to be under-insured for the loss suffered by the July 28, 2004, fire. Plaintiffs' only allegation against Ron Nall is that he was the State Farm Fire agent whom they contacted to report their loss.

Ron Nall was not a State Farm Fire agent at the time Plaintiffs obtained insurance coverage nor was he an agent when the stated value calculations were allegedly made in 1997. Defendant Nall did not become an independent agent for State Farm Fire until June 2002. He did not participate in the origination of the Joneses' homeowner's insurance policy. He did not participate in any valuation calculations and cannot even state how the calculations were made. Furthermore, he has never discussed the provisions of the insurance policy at issue with the Joneses. Mr. Nall's only involvement with the Joneses' loss and this policy is that Mr. Jones reported the fire to Nall who subsequently reported the claim to State Farm Fire. Mr. Nall's Affidavit is attached hereto as "Exhibit A."

## CONCLUSION

Defendant Nall is due to be dismissed from all claims made by Plaintiffs in their Complaint. Count Three alleging bad faith is, by case law, limited to claims between the insured and the insurer. There is no legal basis from maintaining any allegation in this count against Nall and as such, Defendant Nall is due to be dismissed from Count Three. Further, Defendant Nall is due to be dismissed from Counts Two, Five and Six of Plaintiffs' Complaint as he was not involved in any aspect of the procurement or issuance of the policy at issue. Additionally, Plaintiffs' Complaint is void of any fact which would support their contention that Mr. Nall had any participation whatsoever in the procurement or issuance of the homeowner's coverage. He cannot be found negligent or wanton in activities in which he never participated; therefore, Counts Two, Five and Six are due to be dismissed as to Defendant Ron Nall.

MICHEAL S. JACKSON [JACKM8173]
MICHAEL B. BEERS [BEERM4992]
Attorneys for Defendants State Farm Fire and
Casualty Company and Ron Nall

OF COUNSEL:

BEERS, ANDERSON, JACKSON,
 PATTY, & VAN HEEST, P.C.
Post Office Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing MOTION TO DISMISS has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Marcus Jones, Esq.
2416 Walking Fern Lane
Hoover, Alabama 35244

on this the 22nd day of November, 2005.

**OF COUNSEL**