IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB N. JONES and<br>PEGGY C. JONES,<br><br>　　Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY; et al.,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　CASE NO.: 2:05-cv-1119-F<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' MOTION TO REMAND

Come now the Plaintiffs, by and through their undersigned counsel of record, and hereby file this their Motion to Remand from the United States District Court for the Middle District of Alabama, Northern Division to the Circuit Court of Covington County, Alabama. As grounds in support of Plaintiffs' Motion to Remand, the Plaintiffs would state the following:

1.　The Plaintiffs are residents and citizens of the State of Alabama, residing in Covington County, Alabama.

2.　Defendant State Farm and Casualty Company is an Illinois corporation, duly qualified to do business in the State of Alabama and is and was doing business in Covington County, Alabama at all times pertinent to the claims alleged in this action.

3.　Plaintiffs sued Defendant Ron Nall upon information and belief that Defendant Nall had purchased the State Farm business from prior agent Mark King. Because of this belief, Plaintiffs were under the impression that Defendant Nall had purchased all liabilities along with said business transaction.

1

4. Therefore, on or about December 5, 2005, the Plaintiffs filed their First Amended Complaint, adding as a party Defendant, Mark King, prior agent of State Farm and Casualty Company. (A copy of Plaintiffs' First Amended Complaint is attached hereto as Exhibit "A").

5. Upon information and belief, Defendant Mark King is a resident and citizen of the State of Alabama and resides in Covington County, Alabama.

6. Pursuant to *A.R.Fed.P.*, Rule 19, the Plaintiffs would contend that Mark King is an indispensable party to this action and is a necessary party defendant for just adjudication of this action. Defendant Mark King was the agent that wrote the policy of insurance made the basis of this lawsuit. Without Mark King as a party Defendant, "complete relief cannot be accorded among those already parties," *A.R.Fed.P.*, Rule 19(a)(1).

7. Furthermore, *Hodge v. State*, 643 So.2d 982 (Ala.Civ.App. 1993), states that "it is the duty of the plaintiff to join an indispensable party…" By adding Mark King as a party Defendant in Plaintiffs' First Amended Complaint, the Plaintiffs have joined an indispensable party.

8. The Plaintiffs further state that by adding Mark King as a party Defendant, said action will not prejudice any of the parties in the litigation, but will allow for just adjudication.

9. The *A.R.Civ.P.*, Rule 15(a) provides a party to amend its pleading, unless otherwise ordered, without leave of the court and within forty-two days before the case is set for trial. As the Defendant notes, only the initial pleadings have been filed in this action and no trial date has been set.

10. The Plaintiffs would contend that incomplete diversity of citizenship exists between the parties. According to *28 U.S.C. § 1332*, diversity of citizenship is "where the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states."

11. According to *Legg v. Wyeth,* --F.3d--, 2005 WL 2756717, C.A.11 (Ala.), "[f]ederal diversity jurisdiction under *28 U.S.C. § 1332* requires 'complete diversity'—the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559, 1564 (11th Cir.1994)".

12. Furthermore, the United States Supreme Court noted that "[a]n in-state plaintiff may invoke diversity jurisdiction, but *§ 1441(b)* bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'" *Lincoln Property Co. v. Roche,* --S.Ct.--, 2005 WL 3158018 (U.S.). *Lincoln* further stated, "this Court has read the statutory formulation 'between ... citizens of different States,' *28 U.S.C. § 1332(a)(1),* to require **complete diversity between all plaintiffs and all defendants**." *Lincoln, Id.* (emphasis added).

13. Accordingly, since both the Plaintiffs and Defendant Mark King are residents and citizens of the State of Alabama and all three reside in Covington County, Alabama, there is incomplete diversity of citizenship and this action is **not** subject to removal on the basis of diversity of citizenship.

WHEREFORE, the premises considered, the Plaintiffs would request that the United States District Court for the Middle District of Alabama, Northern Division, remand this action to the Circuit Court of Covington County, Alabama and render Defendant Ron Nall's Motion to Dismiss as moot for lack of subject matter jurisdiction.

Respectfully submitted this the _____ day of December, 2005.

                                                  /s/ Marcus N. Jones  
                                                  MARCUS N. JONES, Esquire  
                                                  Attorney for Plaintiffs

OF COUNSEL

Marcus N. Jones, Esquire  
2416 Walking Fern Lane  
Hoover, AL 35244  
(205) 402-0942

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing pleading has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepared, addressed as follows:

Rod Sylvester, Esquire  
P.O. Box 1054  
Andalusia, Alabama 36520

Michael S. Jackson, Esquire  
Michael B. Beers, Esquire  
Beers, Anderson, Jackson, Patty & Van Heest, P.C.  
P.O. Box 1988  
Montgomery, Alabama 36102-1988

                                                  /s/ Marcus N. Jones  
                                                  OF COUNSEL

Exhibit A

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| JACOB N. JONES and<br>PEGGY C. JONES,<br><br>  Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY; et al.,<br><br>  Defendants. | CASE NO.: CV: 05-241<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Come now the Plaintiffs, by and through their undersigned counsel of record, and hereby file this their First Amended Complaint, hereby adding as a party Defendant, Mark King, individually and as an agent of State Farm. In support thereof, the Plaintiffs would state the following:

1. The Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of their original Complaint filed in the Covington County Circuit Court's office on October 14, 2005. (Please see attached hereto as Exhibit "A").

2. Defendant, Mark King, is an adult resident of Covington County, Alabama.

**VENUE AND JURISDICTION**

3. This cause of action accrued within Covington County, Alabama. This court has jurisdiction over this action for the additional reasons that Plaintiffs and Defendant, Mark King, reside in Covington County, Alabama, and State Farm does business in Covington County, Alabama. In addition, the amount in controversy exceeds Ten Thousand Dollars and no/100 ($10,000.00).

1

4.      Venue is proper in Covington County, Alabama pursuant to *Ala. Code*, Section 6-3-5, because the Plaintiffs reside in Covington County, Alabama and pursuant to *Ala. Code*, Section 6-3-7. Venue is likewise proper in Covington County, Alabama pursuant to *Ala. Code*, Section 6-3-2, because Mark King resides in Covington County, Alabama and the Fictitious Defendants reside and/or work in Covington County, Alabama where the events and admissions complained of herein occurred.

## FACTS

5.      Sometime in the 1970s, Jacob N. and Peggy C. Jones contacted then agent Mark King, their State Farm agent at that time, to procure homeowners' insurance on their property located at 30368 Straughn School Road, Andalusia, Alabama 36421 (formerly known as Route 2, Box 214-A, Andalusia, Alabama 36420 and hereinafter referred to as 30368 Straughn School Road), located in what is known as the Straughn Community.

6.      On or about July 28, 2004, the Jones' residence was destroyed by fire. At the time of the fire, the Joneses had resided in said home for over 30 years, losing invaluable and irreplaceable memorabilia and personal items.

7.      On that same date, the Joneses contacted their current State Farm agent, Ron Nall, and notified him of the fire.

8.      It has since come to the attention of the Jones's that when the policy was updated in 1997, then State Farm agent Mark King, determined the stated value of the property based on a square footage calculation that he conducted and which was subsequently in error. At that time, the Jones's policy was updated to the stated value calculated by the current State Farm agent.

2

9. State Farm agreed to only cover the residence up to the stated value reflected upon the State Farm policy, even though the replacement value was substantially higher.

10. The Joneses have provided two estimates at the request of State Farm on the cost to replace the structure.

11. The Jones' annual insurance declaration statement declares on its face that the Joneses have replacement value.

## COUNT I

## BREACH OF CONTRACT

12. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

13. Through its agent, Mark King, State Farm sold and should have issued to the Joneses an insurance policy covering the entire square footage and the correct stated value of their residence. After being notified by the Joneses of the fire at their residence on July 28, 2004, State Farm denied coverage to the Joneses for the full replacement value of their residence.

14. State Farm has breached its policy with the Joneses by failing to provide full and complete coverage.

15. As a proximate consequence of said breach of contract the Plaintiffs' were caused to suffer damages, to include, but not limited to, the following: They were caused to incur legal fees in this action; they were caused to incur additional loans for replacement of their destroyed home of thirty, plus, years; they lost sleep and suffered depression and continue to do so; they have been caused to suffer great mental anguish and emotional distress; and they have otherwise been damaged.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT II

### NEGLIGENT FAILURE TO PROCURE INSURANCE

16. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

17. Plaintiffs sought and relied upon the advice and counsel of Ron Nall, prior State Farm agent Mark King and Fictitious Defendants regarding the appropriate procedure for procuring insurance policies to provide coverage for their residence located in the Straughn Community, Covington County, Alabama. The Joneses relied on the pattern and practice of contacting Nall and prior agent King by telephone to procure insurance. The agents indicated to the Plaintiffs that they had replacement value homeowners' insurance coverage, sufficient to cover the replacement value of their residence.

18. The Defendants failed to exercise due care in the procurement and sale of policies of insurance to the Plaintiffs.

19. The Defendants' negligence and/or failure to exercise reasonable care in the procurement and sale of insurance policies to the Plaintiffs caused the Plaintiffs damage in that State Farm has refused the Plaintiffs' claim.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT III

## BAD FAITH

20. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

21. In adjusting Plaintiffs' claim, Defendant State Farm, through Ron Nall, its agent, acting within the line and scope of his authority, acted unreasonably in denying payment of Plaintiffs' claim without having any reasonable grounds for doing so. Defendant State Farm knew that it had no reasonable grounds for denying Plaintiffs' claim and acted in reckless disregard of that fact.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT IV

## FRAUD

22.     Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

23.     In 1997, Plaintiffs negotiated with a State Farm agent for a policy of insurance for replacement value on the Plaintiffs' home located at 30368 Straughn School Road, Andalusia, Alabama 36421. At that time, prior agent of State Farm, Mark King, represented to the Joneses that they had replacement coverage insurance on their home since the inception of the policy.

24.     The representations made by prior State Farm agent Mark King misrepresented to the Joneses they had replacement coverage on their homeowner's insurance policy. This was a misrepresentation of material fact.

25.     The Plaintiffs believed then State Farm agent Mark King's statements and relied upon them. They have suffered damages as a result of their reliance.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT V

## NEGLIGENT AND WANTON FAILURE

## TO ISSUE A POLICY OF INSURANCE

26. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

27. The Plaintiffs sought and relied upon the advice and counsel of State Farm, through its agent Ron Nall, prior agent Mark King and Fictitious Defendants, regarding the appropriate procedure for writing the policies of insurance which provided adequate replacement value coverage for their residence located at 30368 Straughn School Road, Andalusia, Alabama 36421.

28. State Farm failed to exercise due care in the issuance and sale of policies of insurance to the Plaintiffs.

29. State Farm's negligent and/or wanton failure to exercise reasonable care in the issuance and sale of insurance policies to the Plaintiffs caused the Plaintiffs damage.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT VI

## WANTON FAILURE TO PROCURE A POLICY OF INSURANCE

30.  Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

31.  Plaintiffs sought and relied upon the advice and counsel of agent Ron Nall, prior State Farm agent Mark King and Fictitious Defendants regarding the appropriate procedure for procuring insurance policies to provide adequate coverage for their residence located at 30368 Straughn School Road, Andalusia, Alabama 36421 (formerly known as Route 2 Box 214-A, Andalusia, Alabama 36420). The Joneses relied on the Defendants' knowledge and expertise when writing the insurance policy. The Defendants indicated to the Plaintiffs that they had homeowner's replacement value coverage insurance.

32.  The Defendants failed to exercise due care in the procurement and sale of policies of insurance to the Plaintiffs.

33.  The Defendants' wanton failure to exercise reasonable care in the procurement and sale of insurance policies to the Plaintiffs caused the Plaintiffs damage in that State Farm has refused the Plaintiffs' claim.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to §12-21-144, Ala. Code, 1975. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

Respectfully submitted this the 5^(TH) day of December, 2005.

|  | ROD SYLVESTER<br>Attorney for Plaintiffs |

OF COUNSEL:

ROD SYLVESTER, ESQUIRE
P.O. Box 1054
Andalusia, Alabama 36520
(334) 222-9199

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

|  | ROD SYLVESTER<br>Attorney for Plaintiffs |

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the Attorney of Record for each party to this cause by mailing a copy thereof, postage prepaid, to them at their respective addresses on this 5th day of December, 2005:

Marcus N. Jones, Esquire
2416 Walking Fern Lane
Hoover, Alabama 35244

Michael S. Jackson, Esquire
Michael B. Beers, Esquire
Beers, Anderson, Jackson, Patty & Van Heest, P.C.
P.O. Box 1988
Montgomery, Alabama 36102-1988

|  | OF COUNSEL |

9