IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB N. JONES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.: 2:05-cv-1119-F |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY; et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' MOTION FOR LEAVE OF COURT TO AMEND THE COMPLAINT TO ADD INDISPENSIBLE PARTY DEFENDANT, MARK KING

Come now the Plaintiffs, by and through their undersigned counsel of record, and hereby file this their Motion for Leave of Court to Amend their Complaint to Add Indispensable Party Defendant, Mark King, and as grounds in support thereof, the Plaintiffs would offer the following:

1. Pursuant to *F.R.Civ.P.*, Rule 19, the Plaintiffs would contend that Mark King is an indispensable party to this action.

2. Mark King is a necessary party defendant for just adjudication of this action.

3. At the time of the initial filing, Plaintiffs were under the belief that Defendant Ron Nall purchased the State Farm agency in 2002 from Mark King, assuming all assets and liabilities as is normal in business acquisitions. However, based upon the information provided by State Farm in their Motion to Dismiss Defendant Ron Nall, the Defendants allege that Defendant Nall did not acquire the business, but was only assigned the outstanding policies by

1

State Farm. Based upon this allegation, the Plaintiffs would state that Mark King should be added as a named Defendant in order to justly adjudicate this action.

4. Mark King was the agent that wrote the policy of insurance made the basis of this lawsuit, as well as performed the calculations and measurements of Plaintiffs' home that has resulted in the error in the stated value. Without Mark King as a party Defendant, "complete relief cannot be accorded among those already parties," *F.R.Civ.P.*, Rule 19(a)(1).

5. Furthermore, *Hodge v. State*, 643 So.2d 982 (Ala.Civ.App. 1993), states that "it is the duty of the plaintiff to join an indispensable party..."

6. By adding Mark King as a party Defendant in Plaintiffs' First Amended Complaint, the Plaintiffs have joined an indispensable party.

7. The Plaintiffs further state that by adding Mark King as a party Defendant, said action will not prejudice any of the parties in the litigation, but will allow for just adjudication.

8. The *F.R.Civ.P.*, Rule 15(a) states that after a party has been served for more than 20 days, then "...a party may amend the party's pleading only by leave of court...and leave shall be freely given when justice so requires."

9. The Plaintiffs would contend that justice so requires leave to amend Plaintiffs' original Complaint to add Mark King as a party Defendant.

10. Please find attached hereto as Exhibit "A" a copy of Plaintiffs' proposed First Amended Complaint, adding Mark King as an indispensable party Defendant.

WHEREFORE, the premises considered, the Plaintiffs would request that the United States District Court for the Middle District of Alabama, Northern Division, grant leave to the Plaintiffs' to amend their Complaint and add as an indispensable party Defendant Mark King.

Respectfully submitted this the 18th day of December, 2005.

/s/ Marcus N. Jones
MARCUS N. JONES, ESQUIRE
Attorney for Plaintiffs
2416 Walking Fern Lane
Hoover, Alabama 35244
Telephone: (205) 402-0942

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the Attorney of Record for each party to this cause by mailing a copy thereof, postage prepaid, to them at their respective addresses on this 18th day of December, 2005:

Rod Sylvester, Esquire
P.O. Box 1054
Andalusia, Alabama 36520

Michael S. Jackson, Esquire
Michael B. Beers, Esquire
Beers, Anderson, Jackson, Patty & Van Heest, P.C.
P.O. Box 1988
Montgomery, Alabama 36102-1988

/s/ Marcus N. Jones
OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB N. JONES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   CASE NO.: 2:05-cv-1119-F |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY; et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Come now the Plaintiffs, by and through their undersigned counsel of record, and hereby file this their First Amended Complaint, hereby adding as a party Defendant, Mark King, individually and as an agent of State Farm. In support thereof, the Plaintiffs would state the following:

1. The Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of their original Complaint filed in the Covington County Circuit Court's office on October 14, 2005. (Please see attached hereto as Exhibit "A").

2. Defendant, Mark King, is an adult resident of Covington County, Alabama.

**VENUE AND JURISDICTION**

3. This cause of action accrued within Covington County, Alabama. The Plaintiffs and Defendant, Mark King, reside in Covington County, Alabama, and State Farm does business in Covington County, Alabama. In addition, the amount in controversy exceeds Ten Thousand Dollars and no/100 ($10,000.00).

4

4. Venue is proper in Covington County, Alabama pursuant to *Ala. Code*, Section 6-3-5, because the Plaintiffs reside in Covington County, Alabama and pursuant to *Ala. Code*, Section 6-3-7. Venue is likewise proper in Covington County, Alabama pursuant to *Ala. Code*, Section 6-3-2, because Mark King resides in Covington County, Alabama and the Fictitious Defendants reside and/or work in Covington County, Alabama where the events and admissions complained of herein occurred.

## FACTS

5. Sometime in the 1970s, Jacob N. and Peggy C. Jones contacted then agent Mark King, their State Farm agent at that time, to procure homeowners' insurance on their property located at 30368 Straughn School Road, Andalusia, Alabama 36421 (formerly known as Route 2, Box 214-A, Andalusia, Alabama 36420 and hereinafter referred to as 30368 Straughn School Road), located in what is known as the Straughn Community.

6. On or about July 28, 2004, the Jones' residence was destroyed by fire. At the time of the fire, the Joneses had resided in said home for over 30 years, losing invaluable and irreplaceable memorabilia and personal items.

7. On that same date, the Joneses contacted their current State Farm agent, Ron Nall, and notified him of the fire.

8. It has since come to the attention of the Jones's that when the policy was updated in 1997, then State Farm agent Mark King, determined the stated value of the property based on a square footage calculation that he conducted and which was subsequently in error. At that time, the Jones's policy was updated to the stated value calculated by the current State Farm agent.

9. State Farm agreed to only cover the residence up to the stated value reflected upon the State Farm policy, even though the replacement value was substantially higher.

10. The Joneses have provided two estimates at the request of State Farm on the cost to replace the structure.

11. The Jones' annual insurance declaration statement declares on its face that the Joneses have replacement value.

## COUNT I

## BREACH OF CONTRACT

12. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

13. Through its agent, Mark King, State Farm sold and should have issued to the Joneses an insurance policy covering the entire square footage and the correct stated value of their residence. After being notified by the Joneses of the fire at their residence on July 28, 2004, State Farm denied coverage to the Joneses for the full replacement value of their residence.

14. State Farm has breached its policy with the Joneses by failing to provide full and complete coverage.

15. As a proximate consequence of said breach of contract the Plaintiffs' were caused to suffer damages, to include, but not limited to, the following: They were caused to incur legal fees in this action; they were caused to incur additional loans for replacement of their destroyed home of thirty, plus, years; they lost sleep and suffered depression and continue to do so; they have been caused to suffer great mental anguish and emotional distress; and they have otherwise been damaged.

6

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to 28 *U.S.C.A.*, §1920, Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT II

### NEGLIGENT FAILURE TO PROCURE INSURANCE

16. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

17. Plaintiffs sought and relied upon the advice and counsel of Ron Nall, prior State Farm agent Mark King and Fictitious Defendants regarding the appropriate procedure for procuring insurance policies to provide coverage for their residence located in the Straughn Community, Covington County, Alabama. The Joneses relied on the pattern and practice of contacting Nall and prior agent King by telephone to procure insurance. The agents indicated to the Plaintiffs that they had replacement value homeowners' insurance coverage, sufficient to cover the replacement value of their residence.

18. The Defendants failed to exercise due care in the procurement and sale of policies of insurance to the Plaintiffs.

19. The Defendants' negligence and/or failure to exercise reasonable care in the procurement and sale of insurance policies to the Plaintiffs caused the Plaintiffs damage in that State Farm has refused the Plaintiffs' claim.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to 28 *U.S.C.A.*, §1920. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT III

## BAD FAITH

20. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

21. In adjusting Plaintiffs' claim, Defendant State Farm, through Ron Nall, its agent, acting within the line and scope of his authority, acted unreasonably in denying payment of Plaintiffs' claim without having any reasonable grounds for doing so. Defendant State Farm knew that it had no reasonable grounds for denying Plaintiffs' claim and acted in reckless disregard of that fact.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to 28 *U.S.C.A.*, §1920. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT IV

## FRAUD

22. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

23. In 1997, Plaintiffs negotiated with a State Farm agent for a policy of insurance for replacement value on the Plaintiffs' home located at 30368 Straughn School Road, Andalusia, Alabama 36421. At that time, prior agent of State Farm, Mark King, represented to the Joneses that they had replacement coverage insurance on their home since the inception of the policy.

24. The representations made by prior State Farm agent Mark King misrepresented to the Joneses they had replacement coverage on their homeowner's insurance policy. This was a misrepresentation of material fact.

25. The Plaintiffs believed then State Farm agent Mark King's statements and relied upon them. They have suffered damages as a result of their reliance.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to 28 *U.S.C.A.*, §1920. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT V

## NEGLIGENT AND WANTON FAILURE

## TO ISSUE A POLICY OF INSURANCE

26. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

27. The Plaintiffs sought and relied upon the advice and counsel of State Farm, through its agent Ron Nall, prior agent Mark King and Fictitious Defendants, regarding the appropriate procedure for writing the policies of insurance which provided adequate replacement value coverage for their residence located at 30368 Straughn School Road, Andalusia, Alabama 36421.

28. State Farm failed to exercise due care in the issuance and sale of policies of insurance to the Plaintiffs.

29. State Farm's negligent and/or wanton failure to exercise reasonable care in the issuance and sale of insurance policies to the Plaintiffs caused the Plaintiffs damage.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to 28 *U.S.C.A.*, §1920. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

## COUNT VI

### WANTON FAILURE TO PROCURE A POLICY OF INSURANCE

30. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs of the original Complaint and this their First Amended Complaint.

31. Plaintiffs sought and relied upon the advice and counsel of agent Ron Nall, prior State Farm agent Mark King and Fictitious Defendants regarding the appropriate procedure for procuring insurance policies to provide adequate coverage for their residence located at 30368 Straughn School Road, Andalusia, Alabama 36421 (formerly known as Route 2 Box 214-A, Andalusia, Alabama 36420). The Joneses relied on the Defendants' knowledge and expertise when writing the insurance policy. The Defendants indicated to the Plaintiffs that they had homeowner's replacement value coverage insurance.

32. The Defendants failed to exercise due care in the procurement and sale of policies of insurance to the Plaintiffs.

33. The Defendants' wanton failure to exercise reasonable care in the procurement and sale of insurance policies to the Plaintiffs caused the Plaintiffs damage in that State Farm has refused the Plaintiffs' claim.

WHEREFORE, the premises considered, the Plaintiffs demand judgment for compensatory damages in an amount that exceeds the jurisdictional provisions of the Circuit Court of Alabama, together with the cost of this action, including, but not limited to, the cost of the action pursuant to 28 *U.S.C.A.*, §1920. Additionally, they ask the jury that hears this case to award punitive damages in an amount that they deem appropriate to punish the Defendants for their wrongdoing and to deter others from similar misconduct.

Respectfully submitted this the _____ day of December, 2005.

_____
MARCUS N. JONES
Attorney for Plaintiffs

OF COUNSEL:

Marcus N. Jones, Esquire
2416 Walking Fern Lane
Hoover, Alabama 35244
(205) 402-0942

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

_____
MARCUS N. JONES
Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the Attorney of Record for each party to this cause by mailing a copy thereof, postage prepaid, to them at their respective addresses on this _____ day of December, 2005:

Rod Sylvester, Esquire
P.O. Box 1054
Andalusia, Alabama 36520

Michael S. Jackson, Esquire
Michael B. Beers, Esquire
Beers, Anderson, Jackson, Patty & Van Heest, P.C.
P.O. Box 1988
Montgomery, Alabama 36102-1988

_____
OF COUNSEL