IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB N. JONES and <br> PEGGY C. JONES, <br> <br>     Plaintiffs, <br> <br> vs. <br> <br> STATE FARM INSURANCE <br> COMPANY, et al., <br> <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No.  2:05-cv-1119-F <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT**

COMES NOW Defendant State Farm and answers Plaintiffs' Complaint and each count thereof, separately and severally, heretofore filed in this cause, defends, separately and severally, as follows:

**RESPONSES TO SPECIFIC ALLEGATIONS**

1.    The allegations contained in Paragraph 1 of the Complaint are admitted.

2.    The allegations contained in Paragraph 2 of the Complaint are admitted.

3.    The allegations contained in Paragraph 3 of the Complaint are admitted.

4.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 4 at this time as phrased and therefore denies said allegations.

5.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 5 at this time as phrased and therefore denies said allegations.

6. The allegations contained in Paragraph 6 of the Complaint are denied. Jurisdiction is proper in the United States District Court for the Middle District of Alabama based upon diversity and the amount in controversy.

7. The allegations contained in Paragraph 7 of the Complaint are denied. Jurisdiction is proper in the United States District Court for the Middle District of Alabama based upon diversity and the amount in controversy.

8. Defendant is without sufficient information to admit or deny the allegations of Paragraph 8 at this time as phrased and therefore denies said allegations.

9. Defendant is without sufficient information to admit or deny the allegations of Paragraph 9 at this time as phrased and therefore denies said allegations.

10. Defendant is without sufficient information to admit or deny the allegations of Paragraph 10 at this time as phrased and therefore denies said allegations.

11. Defendant is without sufficient information to admit or deny the allegations of Paragraph 11 at this time as phrased and therefore denies said allegations.

12. Defendant is without sufficient information to admit or deny the allegations of Paragraph 12 at this time as phrased and therefore denies said allegations.

13. Defendant is without sufficient information to admit or deny the allegations of Paragraph 13 at this time as phrased and therefore denies said allegations.

14. The allegations contained in Paragraph 14 of the Complaint are denied; Plaintiffs' insurance policy provided replacement cost value subject to the terms and conditions of the insurance policy and the limits thereof.

15. Paragraph 15 incorporates all preceding paragraphs by reference as though fully set forth herein; therefore, State Farm incorporates its answers to all preceding paragraphs as though fully set forth herein.

16. Defendant is without sufficient information to admit or deny the allegations of Paragraph 16 at this time as phrased and therefore denies said allegations.

17. The allegations in Paragraph 17 of the Complaint are denied.

18. The allegations in Paragraph 18 of the Complaint are denied.

19. Paragraph 19 incorporates all preceding paragraphs by reference as though fully set forth herein; therefore, State Farm incorporates its answers to all preceding paragraphs as though fully set forth herein.

20. Defendant is without sufficient information to admit or deny the allegations of Paragraph 20 at this time as phrased and therefore denies said allegations.

21. The allegations in Paragraph 21 of the Complaint are denied.

22. The allegations in Paragraph 22 of the Complaint are denied.

23. Paragraph 23 incorporates all preceding paragraphs by reference as though fully set forth herein; therefore, State Farm incorporates its answers to all preceding paragraphs as though fully set forth herein.

24. The allegations in Paragraph 24 of the Complaint are denied.

25. Paragraph 25 incorporates all preceding paragraphs by reference as though fully set forth herein; therefore, State Farm incorporates its answers to all preceding paragraphs as though fully set forth herein.

26. Defendant is without sufficient information to admit or deny the allegations of Paragraph 26 at this time as phrased and therefore denies said allegations.

27. The allegations in Paragraph 27 of the Complaint are denied.

28. The allegations in Paragraph 28 of the Complaint are denied.

29. Paragraph 29 incorporates all preceding paragraphs by reference as though fully set forth herein; therefore, State Farm incorporates its answers to all preceding paragraphs as though fully set forth herein.

30. Defendant is without sufficient information to admit or deny the allegations of Paragraph 30 at this time as phrased and therefore denies said allegations.

31. The allegations in Paragraph 31 of the Complaint are denied.

32. The allegations in Paragraph 32 of the Complaint are denied.

33. Paragraph 33 incorporates all preceding paragraphs by reference as though fully set forth herein; therefore, State Farm incorporates its answers to all preceding paragraphs as though fully set forth herein.

34. Defendant is without sufficient information to admit or deny the allegations of Paragraph 34 at this time as phrased and therefore denies said allegations.

35. The allegations in Paragraph 35 of the Complaint are denied.

36. The allegations in Paragraph 36 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Defendant State Farm pleads the general issue and denies each and every material allegation of Plaintiffs' Complaint not herein admitted and demands strict proof thereof.

### Third Defense

Defendant State Farm denies that it has breached any contract with the Plaintiffs as alleged in Count I of Plaintiffs' Amended Complaint and demands strict proof thereof.

### Fourth Defense

Defendant State Farm affirmatively denies that it failed to provide full and complete coverage under the policy as alleged in Count I of Plaintiffs' Complaint and demands strict proof thereof.

### Fifth Defense

Defendant State Farm expressly denies the existence of any error, bad judgment, or negligence in any way connected with the handling of the Plaintiffs' claim and in any decision which may have been made to dispute any coverages under the insurance contract as alleged in Counts I and III of Plaintiffs' Complaint and demands strict proof thereof.

### Sixth Defense

Defendant State Farm affirmatively denies that they or any of their agents, servants or employees are guilty of any negligence and/or wantonness which proximately contributed to the alleged injuries of the Plaintiffs as alleged in Counts II and V of Plaintiffs' Complaint and demands strict proof thereof.

### Seventh Defense

Defendant State Farm affirmatively denies that they or any of their agents acted negligently or wantonly in the procurement of insurance policies for the Plaintiffs as alleged in Count II of Plaintiffs' Complaint and demands strict proof thereof.

### Eighth Defense

Defendant State Farm affirmatively denies that they or any of their agents, servants or employees are guilty of any bad faith in their conduct dealing with the Plaintiffs, either or both of them as alleged in Count III of Plaintiffs' Complaint and demands strict proof thereof.

### Ninth Defense

Defendant State Farm affirmatively avers that there exists a lawful basis upon which to refuse payment on certain portions of the claims submitted by the Plaintiffs as alleged in Count III of Plaintiffs' Complaint and demands strict proof thereof.

### Tenth Defense

Defendant State Farm affirmatively denies that they or any of their agents, servants or employees misrepresented any material fact to Plaintiffs when Plaintiffs purchased the policy of insurance at issue as alleged in Count IV of Plaintiffs' Complaint and demands strict proof thereof.

### Eleventh Defense

Defendant State Farm affirmatively denies that they or any of their agents, servants or employees intentionally and knowingly made misrepresentations to Plaintiffs regarding the policy of insurance purchased by Plaintiffs as alleged in Count IV of Plaintiffs' Complaint and demands strict proof thereof.

### Twelfth Defense

Defendant State Farm affirmatively denies that they or any of their agents, servants or employees intentionally, recklessly, negligently or wantonly made misrepresentations and/or concealed material facts regarding the policy of insurance as alleged in Count IV of Plaintiffs' Complaint and demands strict proof thereof.

### Thirteenth Defense

Defendant State Farm affirmatively denies that they or any of their agents, servants or employees were engaged in any conduct which was intentional, gross, wanton, malicious or oppressive as alleged in Count V of Plaintiffs' Complaint and demands strict proof thereof.

### Fourteenth Defense

Defendant State Farm affirmatively avers that there was no absence of a legitimate or arguable reason for the denial of any benefits claimed under the policy.

### Fifteenth Defense

Defendant State Farm affirmatively avers that there was no intentional failure to determine whether there was any lawful basis for refusal to pay any portion of benefits, and further that said Defendant is unaware of a conscious doing of any wrong in the adjustment of said claim.

### Sixteenth Defense

Defendant State Farm affirmatively denies that it is estopped from asserting any conditions precedent, conditions subsequent, or coverage exclusions under the policy in full force and effect with the Plaintiffs at the time of the loss.

### Seventeenth Defense

Defendant State Farm affirmatively avers that the Plaintiffs themselves were guilty of negligence, as they were under a duty to select the amount of insurance coverage necessary to repair of replace their home in the event of a total loss, hence a plea of contributory negligence.

### Eighteenth Defense

Defendant State Farm affirmatively avers that the Plaintiffs assumed the risk of loss of any loss in excess of the limits of coverage they chose in the event of a total loss.

### Nineteenth Defense

Defendant State Farm affirmatively avers that any negligence based upon the policy issuance in 1981 is barred by Alabama's Common Law Rule of Repose.

### Twentieth Defense

Defendant State Farm affirmatively avers that any negligence alleged to have occurred in 1997 or 1998 is barred by Alabama's two-year statute of limitations.

### Twenty-First Defense

Defendant State Farm denies any intentional failure to perform any duty implied by law of good faith and fair dealing with either of the Plaintiffs herein.

### Twenty-Second Defense

Defendant State Farm pleads all applicable affirmative defenses.

### Twenty-Third

Defendant State Farm specifically pleads all applicable statute of limitations.

### Twenty-Fourth

Defendant State Farm affirmatively denies Plaintiffs were injured to the nature and extent claimed and contests damages.

### Twenty-Fifth Defense

Defendant State Farm affirmatively denies that they or any of their agents, servants or employees is guilty of any conduct which would entitle Plaintiffs to recover punitive damages.

### Twenty-Sixth Defense

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### Twenty-Seventh Defense

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

### Twenty-Eighth Defense

Defendant State Farm avers that any award of punitive damages to Plaintiffs in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States.

### Twenty-Ninth Defense

Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

### Thirtieth Defense

Plaintiffs' claim of punitive damages violates the due process clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

### Thirty-First Defense

Any award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### Thirty-Second Defense

The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30 ALA. CODE (1975), and is barred.

### Thirty-Third Defense

Any award of punitive damages against Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. ____, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (April 7, 2003), *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

(a) It is a violation of this Defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

      (b)    It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

      (c)    It is a violation of due process to punish this Defendant with the intent of changing its lawful conduct in other states; and

      (d)    It is a violation of this Defendant's rights to due process to impose punitive damages which are grossly excessive.

### Thirty-Fourth Defense

Defendant State Farm avers that the filing of this Complaint was more than sixty days after the enactment of the amendment to CODE OF ALABAMA § 6-11-21 (1975); therefore, the amended version of said statute is applicable to the award of any punitive damages in this matter.

/s/ Micheal S. Jackson
**MICHEAL S. JACKSON [JACKM8173]**
**MICHAEL B. BEERS [BEERM4992]**
Attorneys for Defendants State Farm Fire and
Casualty Company and Ron Nall

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
  PATTY, & VAN HEEST, P.C.
Post Office Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 fax

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 3, 2006, I electronically filed  DEFENDANT  STATE FARM FIRE AND CASUALTY COMPANY'S  ANSWER TO PLAINTIFFS' COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Marcus Jones, Esq.
    2416 Walking Fern Lane
    Hoover, Alabama 35244

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:


                        /s/   Micheal S. Jackson
                        **OF COUNSEL**