IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JACOB N. JONES and )
PEGGY C. JONES, )
 )
    Plaintiffs, )
 )
vs. )   Case No.  2:05-cv-1119-F
 )
STATE FARM INSURANCE )
COMPANY, et al., )
 )
    Defendants. )

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE OF COURT TO AMEND THE COMPLAINT TO ADD
INDISPENSABLE PARTY DEFENDANT, MARK KING**

COMES NOW Defendant State Farm Fire and Casualty Company (hereinafter "State Farm")

and responds to Plaintiffs' Motion for Leave of Court to Amend the Complaint to Add Indispensable

Party Defendant, Mark King.  Said Motion is due to be denied as it is a meager attempt on the part

of Plaintiffs to defeat diversity.

**PROCEDURAL HISTORY AND FACTS**

On October 14, 2005, Plaintiffs filed a Complaint in the Circuit Court of Covington County

naming State Farm and Ron Nall as Defendants, based upon the following facts: Plaintiffs purchased

a State Farm homeowner's insurance policy through agent Mark King sometime in the 1970s.

(Complaint, ¶8).  In 1997, the policy was updated by King; Plaintiffs allege King miscalculated the

stated value of the property at this time. *Id* at ¶11.  On June 28, 2004, Plaintiffs' home was destroyed

by fire. *Id*. at ¶9.  Plaintiffs notified then agent, Ron Nall, of the fire and initiated a claim against

their policy.  *Id*. at ¶10.  State Farm has agreed to pay the claim subject to the limits set forth in the

policy based upon the stated value of the home.  *Id*. at ¶12.  Plaintiffs allege and Defendants deny:

> (1)  State Farm, through its agent Mark King,  breached its contract of insurance by failing to provide full and complete coverage.  *Id*. at ¶16;
>
> (2)  They relied upon the advice and counsel of Nall and King who failed to exercise due care in the procurement and sale of policies of insurance to the Plaintiffs. *Id*. at ¶21;
>
> (3)  Nall and State Farm acted in bad faith in adjusting and denying Plaintiffs' claim.  *Id*. at ¶24;
>
> (4)  King misrepresented to Plaintiffs that they had replacement coverage insurance on the home and Plaintiffs acted in reliance thereon.  *Id*. at ¶¶25-28;
>
> (5)  State Farm, through Nall and King, negligently and wantonly failed to exercise due care in the issuance and sale of the insurance policies.  *Id*. at ¶32;
>
> (6)  State Farm, through Nall and King, acted wantonly in failing to exercise reasonable care in the sale and issuance of policies to the Plaintiffs.  *Id*. at ¶36.

On November 22, 2005, Defendant State Farm removed the action to the United States

District Court for the Middle District of Alabama based upon diversity of citizenship between

Plaintiffs, and Defendant State Farm and Defendant Nall filed a Motion to Dismiss based upon

fraudulent joinder.  Plaintiffs were ordered to respond to Nall's Motion by December 12, 2005 and,

as of this date, have neglected to do so.  Instead, Plaintiffs filed a Motion for Leave of Court to

Amend the Complaint to Add Indispensable Party Defendant, Mark King, and a Motion for Remand.

## **STANDARD OF LAW**

It has been established by this Court that "28 U.S.C. § 1447(e) rather than Rule 15(a), should

apply when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal.

Rule 15(a) generally governs amendments to complaints and does not specifically speak to situations

in which the case has been removed.  On the other hand, 28 U.S.C. § 1447(e) specifically

contemplates amendments which would destroy subject matter jurisdiction of the court after a case

has been removed to federal district court." *Bevels v. American States Insurance Co,* 100 F. Supp.2d 1309, 1312 (M.D. Ala. 2000) citing *Bulova Watch Co. v. United States*, 365 U.S. 753, 758, 81 S.Ct. 864, 6 L.Ed.2d 72 (1961).

28 U.S.C. § 1447(e) provides that: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." Alabama courts have determined that the following factors should be considered when applying 28 U.S.C. § 1447(e) to determine whether to allow an amendment that destroys diversity jurisdiction: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other equities." *McReynolds v. Cotton States Insurance,* 2005 WL 2146034 (M.D. Ala) citing *Hensgens v. Deere & Co*, 833 F.2d 1179, 1182 (5th Cir.1987), *cert. denied,* 493 U.S.851, 110 S.Ct. 150, 107 L.Ed.2d 109 (1989). However, it has also been established that greater deference is to be given to the diverse defendant's choice of forum. "Giving the diverse defendant the option of choosing the federal forum is the very purpose of the removal statutes." *Bevels*, at 1313, citing *Hensgens,* 833 F.2d at 1181. "Therefore, (t)he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Sexton v. G & K Services, Inc.* 51 F.Supp.2d 1311, 1313 (M.D. Ala. 1999) citing *Hensgens*, 833 F.2d at 1182.

## ARGUMENT

Plaintiffs' Motion is clearly an attempt to join non-diverse Defendant Mark King solely to defeat diversity thereby requiring remand to state court. Their entire Complaint is based upon allegations against Mark King. Nonetheless, Plaintiffs made a conscious decision not to name King as a Defendant in their initial Complaint. It was not until this action was removed and Defendant Nall filed a Motion to Dismiss that King became "indispensable" as Plaintiffs contend. Rather than respond to Nall's Motion, Plaintiffs filed a Motion for Leave to Amend and an Amended Complaint setting forth allegations against Mark King. Plaintiffs did not include King as a Defendant in this suit until it became apparent that Nall was due to be dismissed, thereby establishing that diversity exists between the Plaintiffs and State Farm, thus providing subject matter jurisdiction in the federal court.

### A.    The sole purpose of this amendment is to defeat diversity.

There is no question that Plaintiffs were aware of the identity of Mark King at the commencement of this action. Plaintiffs made a conscious choice not to name Mark King as a defendant in this lawsuit despite the fact that almost every count alleged is based upon some action or inaction of King.

In *Bevels v.  American States Insurance Co.,* the insured sued the insurer in state court alleging breach of contract and bad faith. *Bevels v.  American States Insurance Co.* 100 F.  Supp.2d 1309, 1312 (M.D. Ala. 2000)*.* The insured removed the case, based upon diversity, at which point the insured attempted to file an amended complaint adding the insurance adjuster, a non-diverse defendant thereby defeating diversity. *Id.*  In *Bevels*, the plaintiffs were aware of the identity of the adjuster prior to their filing the complaint but did not move to amend the complaint until after the case had been removed. *Id.* The Court denied plaintiffs' motion to amend based upon the factors

enumerated in *Hensgens*. *Id.*  The Court found that there was no apparent reason why plaintiffs neglected to name the adjuster at the initiation of the suit and found the timing of the amendment indicative of the fact that plaintiffs were merely trying to defeat diversity. *Id.*  at 1313.

In *McReynolds v. Cotton States Insurance*, the Court also denied plaintiffs' motion to amend to add a non-diverse defendant.  *McReynolds v. Cotton States Insurance* 2005 WL 2146034 (M.D. Ala.) In *McReynolds*, the plaintiffs' proposed amended complaint contained the same four claims as the original complaint against the currently named defendants and added two new non-diverse defendants, Mallory and Strock. *Id.* at 1. These individuals were named in the caption of the original complaint; however, there was a complete omission of either party's name throughout the body of the complaint. *Id.* at 2.  The court noted that while Count II of the original complaint mentioned Strock's name in the facts leading up to the Plaintiffs' allegations, the actual claim for relief specifically alleged a cause of action only against the previously named defendants and plaintiffs did not allege a single cause of action against either of the proposed non-diverse defendants while the case was in state court.  *Id.*  When applying the *Hensgens* factors, the court rejected plaintiffs' contention that the failure to make allegations against the proposed  non-diverse defendants was based upon a clerical error as it was clear the plaintiffs knew the identities and roles of the individuals well before removal and carefully considered their choice of defendants at the original filing. *Id.*  at 4.  The court found McReynolds' case "similar to others in which the Plaintiffs sought to add non-diverse defendants just weeks after removal even though the Plaintiffs knew the identities and roles of the individuals well before removal," and cited, *"In re Norplant Contraceptive Products Liability,* in which a request to add a non-diverse surgeon was denied when both the identity and role of that surgeon were well known to the parties prior to the start of the litigation." *Id.*  citing 898

F.Supp. 429, 432 (E.D.Tex.1995); *See also, e.g. Bevels*, 100 F.Supp.2d at 1313 n.3 (M.D. Ala. 2000); *Jerido,* 127 F.Supp.2d at 1325 (M.D.Ala.2001).

This case is not unlike *Bevels* or *McReynolds.* As in *Bevels* and *McReynolds,* the Joneses were well aware of the identity and role of Mark King as evidenced by their original pleading. Plaintiffs' Complaint is thorough and names King in the facts leading up to the allegations of almost every charge. However, despite their awareness of King's role, Plaintiffs made a conscious decision to omit King from the suit and did not attempt to amend their Complaint to add King until after the case was removed and is a clear attempt to defeat diversity. Also, as in *McReynolds,* Plaintiffs' proposed Amended Complaint is identical to their original Complaint. They do not allege a single separate or additional charge against Mark King. The charging paragraphs are exactly the same; the only amendment that has been made is to add King's name in the initial paragraphs as a party; and, as in *McReynolds*, the omission of King as a party until after removal is clearly indicative that Plaintiffs are merely adding King in an attempt to defeat diversity. As such, their Motion is due to be denied.

**B.    Plaintiffs have been dilatory in seeking this amendment.**

The mere fact that Plaintiffs contend that Mark King is indispensable or that they were unaware of the business relationship between King and Nall is insufficient to warrant leave to amend to add King.[1]

*Sexton v. G & K Services, Inc.* 51 F.Supp.2d 1311 (M.D. Ala. 1999) is analogous to the case *sub judice*. In *Sexton*, plaintiffs filed their initial complaint alleging claims against G&K Services

---

[1] A simple search of the Alabama Secretary of State's website would have revealed whether King or Nall were incorporated. Plaintiffs' mistaken belief that Nall was successor in liability to King is especially suspect since the Plaintiffs made no such allegation in the original complaint. Moreover, assumption of King's liabilities by Nall would not eliminate King's liability, if any, to Plaintiffs. Both would be liable.

(a foreign corporation), Mark Chilton (an Alabama resident) and Craig Wood (a Texas resident). Defendant G&K Services filed a notice of removal in which the other defendants consented stating that complete diversity existed due to the fraudulent joinder of Chilton and attached an affidavit in support thereof. *Id*. at 1312. Plaintiffs subsequently filed a Motion to Remand and Motion to Amend the Complaint and to Substitute. *Id*. In support of their Motion to Amend, plaintiffs admitted that they had become aware that Chilton was not the proper party and Mailon Boyd should have been named in his stead. *Id*. G&K Services opposed the motion and argued that there was no indication that the plaintiffs attempted to independently ascertain the identity of Boyd prior to suit and had in fact been dilatory in seeking to name him now. *Id*. at 1313. G&K further pointed out that plaintiffs' proposed substitution was filed before any discovery occurred thereby supporting its contention that this information was available to plaintiffs earlier. *Id*. The court agreed with the defendant's argument and took issue with the timing of plaintiffs' motion, stating, "the fact that the Plaintiffs only sought to name Mailon Boyd once the Defendants filed an Affidavit affirmatively stating that Mark Chilton, the resident defendant, was not an employee of G&K Services is strongly indicative that the purpose of the amendment is to defeat federal jurisdiction." *Id.* at 1314 citing *In re Norplant*, 898 F.Supp, 429 (E.D.Tex.1995), (denying motion to amend where plaintiff sought to add a non-diverse defendant only after the case was removed even though knew identity of defendant at an earlier time). The *Sexton* court further found plaintiffs' counsel's statement that Boyd was an indispensable party to be without credibility. *Id.*

   Plaintiffs' contention that Mark King is an indispensable party is also without credibility. Plaintiffs claim that "at the time of initial filing, Plaintiffs were under the belief that Defendant Ron Nall purchased the State Farm Agency in 2002 from Mark King, assuming all assets and liabilities." (Plaintiffs' Motion for Leave of Court to Amend the Complaint to Add Indispensable Party

Defendant, Mark King, ¶3). However, they do not attach any affidavits or supporting documentation to affirm that they were diligent in ascertaining the true nature of relationship between Nall and King. Furthermore, as in *Sexton,* no discovery has been conducted in this case as of yet. Therefore, Plaintiffs' recent revelation that Nall did not in fact purchase the agency from King is insufficient to warrant an amendment. Plaintiffs did not require discovery to learn that Nall did not assume King's liabilities and clearly this information was not something within the sole possession of State Farm, King or Nall. Plaintiffs were clearly aware of the existence of King and of his role in procuring the policies as evidenced by the facts made the basis of their Complaint. They present this argument to the Court a mere two months after the initiation of litigation, still well within the two-year statute of limitations for filing suit. Plaintiffs made a deliberate choice to exclude King from this litigation. King did not become an "indispensable party" until Plaintiffs realized that Nall was due to be dismissed and King was their only hope for defeating diversity and maintaining jurisdiction in the state court. Just as in *Sexton,* it is clear Plaintiffs have been dilatory in seeking to amend to add King and, as such, their Motion should be denied.

**C.    Plaintiffs will suffer no significant injury if their motion is denied.**

The third element set forth in *Hensgens,* is a determination as to whether Plaintiffs will suffer significant injury if their motion to amend is denied. As has been well established by Alabama courts, it is incumbent upon the Plaintiffs to make some showing that they will be unable to obtain full relief without the presence of the additional Defendant. *American States,* 100 F.Supp.2d 1309 at 1314. Yet, Plaintiffs have failed to make any allegation that they will suffer significant injury if Mark King is not added as a Defendant in this action. They neglected to allege any reason that they

cannot sue Mark King in state court[2], or that they cannot achieve complete relief if Mark King is not added. *McReynolds,* at 4 citing *Cf. Jones v. Rent-A-Center E.,* 356 F.Supp.2d. 1273, 1276-7 (M.D. Ala. 2005). As in *American States* and *McReynolds*, there has been no suggestion that State Farm would be unable to satisfy a judgment or that King could not be sued in state court. *American States* at 1314; *McReynnolds* at 4. The *McReynolds* court found it persuasive that there was nothing to prevent the plaintiffs from filing a separate suit in state court or from conducting full discovery in the federal suit without the addition of the non-diverse defendants. *Id.* The court found that "filing a separate suit in state court against the additional individuals is not an insurmountable obstacle, and any inconvenience would be due to the errors or omissions made by Plaintiffs themselves." *Id*.

Plaintiffs do not allege that they will suffer irreparable harm if not allowed to amend their Complaint to add King. They have failed to attach any affidavits or documents to support their contention that they will be prejudiced by not being allowed to amend the complaint to add Mark King and a bare allegation is insufficient to warrant the amendment. There is nothing to suggest that they would be unable to sue King in state court or that they will be unable to obtain full relief from State Farm without the presence of King. As such, Plaintiffs' argument that King is a necessary party is without merit and any inconvenience Plaintiffs may face in having to file a separate suit in state court is only the result of their own error.

---

[2] In fact, Plaintiffs originally filed an Amendment in Covington County Circuit Court adding Mark King as a Defendant, but not until after the case had been removed to this Court.

## <u>CONCLUSION</u>

Plaintiffs' Motion for Leave of Court to Amend the Complaint to Add Indispensable Party Defendant, Mark King, is due to be denied as it is clearly a meager attempt to defeat diversity. As has been clearly demonstrated, Plaintiffs were well aware of the existence of Mark King and of the role he played in the procurement of their insurance polices.  Mark King's name is peppered throughout the Complaint, yet Plaintiffs made a conscious decision to exclude King as a Defendant. The timing of Plaintiffs' motion is especially telling as it was not until the realization that Nall would be dismissed that Plaintiffs assert King's indispensability.  Plaintiffs' contention that they were unaware that Nall did not acquire King's liabilities until after the initiation of this suit is without merit.  Plaintiffs obtained this information on their own accord prior to any discovery and there was nothing to prevent them from obtaining such information and filing suit against the proper parties. Plaintiffs have failed to make any showing that they will suffer any injury if this amendment is not allowed.  Finally, as the Defendant's choice of forum is to be given greater deference than Plaintiffs once removal has occurred, it is clear that the equities balance in favor of denying Plaintiffs' motion.

**WHEREFORE, PREMISES CONSIDERED**, Defendant State Farm respectfully requests that the United States District for the Middle District of Alabama deny Plaintiffs' Motion for Leave of Court to Amend the Complaint to Add Indispensable Party Defendant, Mark King.

**RESPECTFULLY SUBMITTED** this the 6th day of January, 2006.

 /s/ Micheal S. Jackson
**MICHEAL S. JACKSON [JACKM8173]**
**MICHAEL B. BEERS [BEERM4992]**
Attorneys for Defendants State Farm Fire and
Casualty Company and Ron Nall

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
 PATTY, & VAN HEEST, P.C.
Post Office Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 6, 2006, I electronically filed Defendant State Farm Fire and Casualty Company's Response in Opposition to Plaintiffs' Motion for Leave of Court to Amend the Complaint to Add Indispensable Party Defendant Mark King with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marcus Jones, Esq.
2416 Walking Fern Lane
Hoover, Alabama 35244

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

 /s/   Micheal S. Jackson
**OF COUNSEL**