IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB N. JONES and PEGGY C. JONES, )<br><br>Plaintiffs, )<br><br>v. )<br><br>STATE FARM FIRE AND CASUALTY ) COMPANY; et al., )<br><br>Defendants. ) | CASE NO.: 2:05-cv-1119-F |

## PLAINTIFFS' RESPONSE TO DEFENDANT NALL'S MOTION TO DISMISS

Come now the Plaintiffs, by and through their undersigned counsel of record, and hereby files this their Response to Defendant Nall's Motion to Dismiss. As grounds in support thereof the Plaintiffs would state the following:

### ARGUMENT

**A.     INDEPENDENT CONTRACTOR AND AGENCY RELATIONSHIPS**

Defendant Nall asserts in his Affidavit to his Motion to Dismiss, Paragraph 2, that since June 2002, he has been employed as an insurance *agent*. (Emphasis added). On the Declaration Sheet, effective date October 8, 2000 through expiration date of October 8, 2001, "Nall Insurance Agency, Inc. (Ron)" was listed as the "agent" for State Farm. (See attached hereto Exhibit "A", Declaration Page and Certificate for policy number 01-10-9842-5, which was certified by Bill Lovell, Operations Superintendent, State Farm Fire & Casualty Company on January 17, 2005). However, contradictorily in Paragraph 3, he asserts that he is an independent *contractor*. (Emphasis added). He also notes in Paragraph 4 that he was a trainee agent for one

year, beginning June 1, 2001, prior to becoming an independent agent. This sworn statement is also contradicted by Exhibit "A", State Farm Declaration Page.

*Ala.Code,* § 27-7-1(a), 1975, sets forth the characteristics and functions of an insurance agent and an insurance broker and defines them as follows:

> (1) Agent. A natural person, partnership or corporation appointed by an insurer to solicit and negotiate insurance contracts on its behalf, and if authorized to do so by the insurer, to effectuate, issue and countersign such contracts. An agent may not delegate the countersignature authority by appointing another person as his attorney-in-fact, except, that this provision shall not apply to agents for direct-writing insurers; and (2) Broker. A natural person, partnership or corporation who, *on behalf of the insured,* for compensation as an independent contractor, for commission or fee and *not being an agent of the insurer,* solicits, negotiates or procures insurance or the renewal or continuance thereof, or in any manner aids therein, for insureds or prospective insureds other than himself or itself. Brokers cannot bind the insurer and all business produced must be countersigned by a resident agent of the insurer accepting the risk.

(Emphasis added).

Typically an independent contractor is a middleman between the insured and insurer and is the one that solicits insurance without employment from any special company. *Carolina Cas. Ins. Co. v. Miss Deanna's Child Care-Med Net, L.L.C.*, 869 So.2d 1169 (Ala.Civ.App. 2003). In this case, Defendant Ron Nall *only* procures or renews insurance for Defendant State Farm. *Hunt v. State,* 773 S.W.2d 4 (Tex.App. 1987) recognized that sometimes brokers performed certain functions that benefited the insurer (in this case State Farm). Some of those beneficial functions included collecting and forwarding premiums from the insured to the insurer. Because of these functions, the broker may also represent the insurer. *Hunt, Id.*; see, also, *American Fire Ins. Co. v. King Lumber & Mfg. Co.*, 74 Fla. 130, 77 So. 168 (1917), *affirmed, 250 U.S. 2, 39 S.Ct. 431, 63 L.Ed. 810 (1919).* The *Carolina, Supra,* case further stated that "the broad application of this rule in Alabama would render anyone who 'solicits, negotiates or *procures insurance* or the renewal or *continuance* thereof, or in *any manner* aids therein, for insureds or

2

prospective insureds,' § 27-7-1(a)(2) (emphasis added [in *Ballard*])—by which activities he qualifies as a broker—*ipso facto* an **agent of the insurer**." (citing *Ballard v. Lee,* 671 So.2d 1368 (Ala.1995)). (Emphasis added).

By Nall's admission in his Affidavit the Plaintiffs' State Farm policy was transferred to him by State Farm when the Plaintiffs' prior agent retired. After said transfer, Nall continued to renew the policy until the time of the fire to the Plaintiffs' home in July 2004. Nall procures and sells State Farm insurance and *only* State Farm Insurance policies. His MSN Yellow Page ad lists that he sells the "brand" of State Farm Insurance and that he is a State Farm Insurance Agent. It lists no other types of insurance policies sold by him other than State Farm insurance.

Ordinarily an independent contractor acts for the sole purpose of the insured and "hunts" for suitable policies "without having any *prior* representation contract with any *particular* insurer." *Carolina, Supra,* citing M. Pock, *Insurance,* 45 Mercer L.Rev. 253, 255 n. 15 (1993); see, also, J. Appleman, *Insurance Law and Practice* § 8727 (1981). (Emphasis added). Additionally, the determination of an agency relationship is determined "by the evidence as a whole, and not necessarily by how the parties characterize their relationship." *Campbell v. Employers Ins. Co. of AL.,* 521 So.2d 924 (Ala. 1988), citing *National Sec. Fire & Cas. Co. v. Bowen,* 447 So.2d 133 (Ala. 1983). When determining such a relationship, one must consider the control an alleged master has over the means and agencies of the individuals work and the result produced, not the real employment of such control. *Morrison v. Academy Life Ins. Co., Inc.,* 567 So.2d 1309 (Ala. 1990), citing *Tuscaloosa Veneer Co. v. Martin,* 233 Ala. 567, 172 So. 608 (1937). From this test, courts have held that one can be determined an employer "when he has reserved some power of control over the one he asserts is an independent contractor." *Morrison, Id.,* citing *Sawyer v. Chevron U.S.A., Inc.,* 421 So.2d 1263, 1264 (Ala. 1982).

3

Defendant Nall admitted that State Farm transferred the Plaintiffs' State Farm policy to him, Nall renewed the Plaintiffs' State Farm policy of insurance each year and he was their agent to contact regarding any State Farm insurance questions. It was Ron Nall's office that advised the Plaintiffs' son immediately after the fire that the Plaintiffs' did not have true replacement value coverage on their home, but only replacement value with a stated cap. It was Ron Nall's office that provided the Plaintiffs' with a calculation for the 1997 update and it was printed from Defendant Nall's office computer. (See Plaintiff Jacob N. Jones' Affidavit attached hereto as Exhibit "B"). It was also Ron Nall that stated in his sworn affidavit, paragraph 11, to the Motion to Dismiss, that "[t]o my knowledge neither Jacob Jones nor Peggy Jones has ever discussed the provisions of their State Farm insurance policy made the basis of this suit with me." The evidence of the calculation is proof that the basis of this suit was discussed with Defendant Nall. Furthermore, Defendant Nall can only procure or sell one type of insurance policy—State Farm.

Additionally, as noted in *Ala.Code,* § 27-7-1(a), 1975, an independent contractor is an agent *"on behalf of the insured"*, not an agent for the insurer. Defendant Nall proved he was an agent for the insurer and not the insured when the Plaintiffs' filed a second claim for theft against their homeowner's policy shortly after the fire to the home. Because of this second claim, the Plaintiffs' lost their 40 percent discount for not having filed an insurance claim. Because of the loss of this discounted rate, the Plaintiffs' homeowners' insurance policy almost doubled when renewed. Conveniently, Defendant Nall conveniently failed to advise the Plaintiffs that they would lose their 40 percent discount, thereby insuring his policy premiums would increase. If the Plaintiffs had been counseled that they would lose this discounted rate,

4

they would have elected to forego filing the theft claim. Especially since the theft claim was for less than the Plaintiffs' additional premium for one year.

From these facts, one could reasonably deduce that Defendant Ron Nall is an "agent" and not an "independent contractor" for Defendant State Farm. "Where the evidence as to the existence of agency is in dispute, or reasonable adverse inferences are deducible from the evidence, the resolution of the question of agency raises an issue of fact for the *jury*." *Campbell, Id.*, citing *Trans-America Ins. Co. v. Wilson,* 262 Ala. 532, 80 So.2d 253 (1955). (Emphasis added). Because of these facts, Plaintiffs would contend that Nall's relationship with State Farm—whether as an agent or as an independent contractor—*is a fact for the jury to decide.*

B.  **BAD FAITH**

Plaintiffs would contend that if Defendant Ron Nall is an agent, then he would have been the contracting agent for State Farm when the Plaintiffs' policy of insurance was renewed each year. Defendant Nall notes in his argument, page 3 of his Motion to Dismiss, the elements of bad faith that were set out by *National Security Fire & Casualty Co. v. Bowen,* 417 So.2d 179 (Ala. 1982). The Plaintiffs would contend that Defendant Nall, acting as an agent for State Farm, did commit bad faith by intentionally and recklessly failing to investigate the claim. Defendant Nall is listed as the agent on the Plaintiffs' homeowner's policy for the effective policy years beginning October 8, 2000 through October 8, 2004. Although in a sworn affidavit Nall states 1) that he was employed as an insurance agent since June 2002; 2) that he was authorized to sell State Farm policies since June 2002; and 3) that he was a trainee agent for one year beginning June 1, 2001. These three statements are totally contrary to the attached Exhibit "A", which is the Declaration Page and Certificate for policy number 01-10-9842-5, which was

certified by Bill Lovell, Operations Superintendent, State Farm Fire & Casualty Company on January 17, 2005. The Declaration Page states that "Nall Insurance Agency, Inc. (Ron)" is the agent of record for policy period beginning October 8, 2000 and ending October 8, 2001.

During October 8, 2000 through October 8, 2004 time period, Defendant Ron Nall, through Nall Insurance Agency, Inc. (Ron), was the contractual agent for the Plaintiffs' homeowners' policies as stated in Exhibit "C", Declaration Pages for this time period.

"'Bad faith…is not simply bad judgment or negligence. It imports a dishonest purpose and means a breach of known duty, i.e., good faith and fair dealing, through some motive of self-interest or ill will.'" *Singleton v. State Farm Fire & Cas. Co.,* --So.2d --, 2005 WL 3007974 (Ala.), citing *Slade,* 747 So.2d at 303-04 (quoting *Gulf Atlantic Life Ins. Co. v. Barnes,* 405 So.2d 916, 924 (Ala.1981)). Defendant Nall had knowledge of the calculation discrepancy and did not deal fairly or in good faith with the Joneses.

### C. RON NALL DID HANDLE THE PLAINTIFFS' HOMEOWNERS POLICY AND WAS INVOLVED IN THE PROCUREMENT AND ISSUANCE OF SAME EVERY RENEWING YEAR

Defendant Nall was the Plaintiffs' State Farm Insurance agent after State Farm transferred the their insurance policies to him. Since that time, Defendant Nall procured yearly "renewal" policies of insurance for the Plaintiffs through State Farm. The effective periods of those renewal policies were October 8, 2000 through October 8, 2001; October 8, 2001 through October 8, 2002; October 8, 2002 through October 8, 2003; and October 8, 2003 through October 8, 2004. (Please see Exhibits "A" and "C"). After the institution of this lawsuit, Defendant Ron Nall subsequently contacted Plaintiff Jacob Jones and advised him to find another agent to handle their State Farm policies. Defendant Nall was a party to the renewal of

Plaintiffs' homeowner's policy for four consecutive years. The fact that Nall is now trying to claim he never handled the Plaintiffs' policies or procured policies for them is ridiculous. This does not even include the fact that under sworn oath Nall claimed to have been an agent with State Farm since June 2002 when clearly the Declaration Pages show differently. Since the renewal of their October 8, 2000 policy, Ron Nall has been their agent at State Farm. Each subsequent year thereafter Ron Nall has been the State Farm insurance agent on the Plaintiffs' Declaration Sheet.

## CONCLUSION

Defendant Ron Nall is not due to be dismissed from all the claims made by Plaintiffs in their Complaint made the basis of this lawsuit. Defendant Nall is not an independent contractor, but instead is an agent of State Farm. Defendant Nall failed to investigate the claim when Mr. Jones brought it to his attention. Defendant Nall was the agent that provided Mr. Jones with information concerning the error in the square footage calculation of his home. Defendant Nall should not be dismissed and these counts should go before a jury to be decided.

Respectfully submitted this the 17th day of January, 2006.

/s/ Marcus N. Jones
MARCUS N. JONES (JONEM6711)
Attorney for Plaintiffs

OF COUNSEL:

Marcus N. Jones, Esquire
2416 Walking Fern Lane
Hoover, Alabama 35244
(205) 402-0942

## CERTIFICATE OF SERVICE

I hereby certify that on 17th day of January 2006, I electronically filed Plaintiff's Response to Defendant Nall's Motion to Dismiss with the Clerk of the Court using the CM/ECF systems which will send notification of such filing to the following:

Michael S. Jackson, Esquire
Michael B. Beers, Esquire
Beers, Anderson, Jackson, Patty & Van Heest, P.C.
P.O. Box 1988
Montgomery, Alabama 36102-1988

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

/s/ Marcus N. Jones
OF COUNSEL

# EXHIBIT "A"

# State Farm Fire and Casualty Company®



Birmingham Operations Center
100 State Farm Parkway
P.O. Box 2661
Birmingham, Alabama  35297-0001

CERTIFICATE

I, the undersigned, do hereby certify that I am custodian of the records pertaining to the issuance of policies issued by the AL Personal Lines    Division of STATE FARM FIRE & CASUALTY COMPANY of Birmingham, AL.

Based on our available records, I further certify that the attached SUMMARIES            dated JAN 17, 2005 represents a true copy of the policy provisions and coverages as of 10/96 -10/04 for policy 01-10-9842-5 issued to   JONES, JACOB N & PEGGY SUE
                                   30638 STRAUGHN SCHOOL RD
                                   ANDALUSIA, AL  36421-5519

_____*Bill Lovell*_____
Bill Lovell
Operations Superintendent
STATE FARM FIRE & CASUALTY COMPANY

| Policy Number | DECLARATIONS PAGE    COVERAGE SUMMARY 01-17-2005 |
|---|---|
| 01-10-9842-5 | STATE FARM FIRE AND CASUALTY COMPANY<br>100 STATE FARM PARKWAY, BIRMINGHAM AL 35297-0001<br>A STOCK COMPANY WITH HOME OFFICES IN BLOOMINGTON, ILLINOIS |

**NAMED INSURED**   2118-F285

JONES, JACOB N & PEGGY SUE
30638 STRAUGHN SCHOOL RD
ANDALUSIA, AL  36421-5519

## HOMEOWNERS POLICY

**Automatic Renewal** - If the **policy period** is shown as **12 months,** this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

**Policy Period:**   12 MONTHS
**Effective Date:**   OCT 08, 2000
**Expiration Date:**   OCT 08, 2001

The policy period begins and ends at 12:01 A.M standard time at the residence premises.

Location of Residence Premises
  SAME AS INSURED'S ADDRESS

| Coverages & Property | Limits of Liability | |
|---|---|---|
| **SECTION I** | | |
| A   DWELLING | up to | $  101,900 |
|     DWELLING EXTENSION | | $   10,190 |
| B   PERSONAL PROPERTY | | $   76,425 |
| C   LOSS OF USE | | ACTUAL LOSS SUSTAINED |
| **SECTION II** | | |
| L   Personal Liability (Each Occurrence) | | $  100,000 |
|     Damage to Property of Others | | $      500 |
| M   Medical Payments to Others (Each Person) | | $    1,000 |

**Inflation Coverage Index: 143.3**

**Deductibles - SECTION I**
ALL LOSSES                                  $   1,000

In case of loss under this policy, the deductibles will be appl per occurrence and will be deducted from the amount of the loss.  Other deductibles may apply - refer to your policy.

**Loss Settlement Provision (See Policy)**
A1: Replacement Cost - Similar Construction
B1: Limited Replacement Cost - Coverage B

| Forms, Options, & Endorsements | |
|---|---|
| HOMEOWNERS POLICY | FP - 7955 |
| INCREASE DWELLING UP TO $20,380 | OPTION ID |
| ORDINANCE/LAW  10%/ $10,190 | OPTION OL |
| AMENDATORY ENDORSEMENT | FE-7201.2 |
| SPECIAL LIMITS | FE-5258 |
| POLICY ENDORSEMENT | FE-5320 |

**Policy Premium**                  $    942.00

Discounts Applied
CLAIM RECORD
HOME/ AUTO

--- Other limits and exclusions may apply - refer to your policy ---

PREPARED
JAN 17, 2005
JG
FP-7001.5C

COUNTERSIGNED                                     20

BY _____    AGE

NALL INSURANCE AGENCY INC  (RON)
334-222-3106

Your policy consists of this page, any endorsements

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JACOB N. JONES and          )
PEGGY C. JONES,             )
                            )
    Plaintiffs,             )
                            )
v.                          )    CASE NO.: 2:05-cv-1119-F
                            )
STATE FARM FIRE AND CASUALTY)
COMPANY; et al.,            )
                            )
    Defendants.             )

### AFFIDAVIT OF JACOB N. JONES

STATE OF ALABAMA     )
                     )
COVINGTON COUNTY     )

Before me, the undersigned authority, personally appeared Jacob N. Jones, who, being by me first duly sworn, deposes and makes the following affirmation:

1. My name is Jacob N. Jones and I have personal knowledge of the facts contained in this affidavit.

2. Since the 1970s I have held a homeowners policy of insurance with State Farm Insurance Company.

3. In 1997, State Farm updated my homeowners' policy of insurance.

4. In October 2000, Ron Nall became my new State Farm agent and since that time has serviced my insurance policies.

5. Ron Nall was servicing my insurance policies at the time of the fire that completely destroyed my home.

1

6. Ron Nall was the agent I contacted if I wanted to adjust either my homeowners' policy or automobile policy.

7. To my knowledge Ron Nall only sells policies of insurance for State Farm Insurance Company.

8. Ron Nall has never "hunted" for a more advantageous policy other than State Farm.

9. I received from Ron Nall a calculation of my home's square footage that was produced by State Farm when my home was updated in 1997.

10. During my relationship with State Farm, my relationship with Ron Nall was no different than the one I had with prior agent Mark King.

11. There were no additional requirements when requesting additional insurance that would lead me to believe that Ron Nall did not have the same authority on behalf of State to procure insurance. Absolutely nothing changed after Mark King's retirement.

12. Ron Nall failed to counsel me that I would lose the 40 percent discount rate by filing a second homeowners' claim for theft. In fact, it was not until after I had my policies transferred to a new State Farm Insurance agent, Tim Bryan, (at the instruction of Ron Nall) that I even realized I had lost this 40 percent discount rate.

13. When I renewed my homeowners' policy in 2005, I was quoted a premium rate and I prepaid that yearly rate. A month later, I received a call stating that the premium would not be $996, but instead $1,619. Agent Tim Bryan advised after checking into the matter that this premium increase was due to losing the 40 percent discount rate.

N.J.

14. Because I lost my 40 percent discount rate, my premiums would have almost doubled if I had not agreed to accept a 1 percent deductible.

The affirmant says nothing further. This statement given the __17th__ day of January, 2006.

_____
Jacob N. Jones

**STATE OF ALABAMA** )
)
**COVINGTON COUNTY** )

I, __Trisha Gatlin__, a notary for the State of Alabama hereby acknowledge that before me this day did appear Jacob N. Jones, who is known to me, and in my presence placed his signature and executed the foregoing document.

Done this the __17th__ day of January, 2006.

_____
NOTARY PUBLIC
My Commission Expires: __January 31, 2006__

3

# EXHIBIT "C"

**Policy Number**

01-10-9842-5

**DECLARATIONS PAGE**   COVERAGE SUMMARY 01-17-2005

STATE FARM FIRE AND CASUALTY COMPANY
100 STATE FARM PARKWAY, BIRMINGHAM AL 35297-0001
A STOCK COMPANY WITH HOME OFFICES IN BLOOMINGTON, ILLINOIS

**NAMED INSURED**                2118-F285

JONES, JACOB N & PEGGY SUE
30638 STRAUGHN SCHOOL RD
ANDALUSIA, AL  36421-5519

## HOMEOWNERS POLICY

**Automatic Renewal** - If the **policy period** is shown as **12 months,** this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

**Policy Period:**     12 MONTHS
**Effective Date:**    OCT 08, 2000
**Expiration Date:**   OCT 08, 2001

The policy period begins and ends at 12:01 A.M standard time at the residence premises.

Location of Residence Premises
  SAME AS INSURED'S ADDRESS

| Coverages & Property | Limits of Liability | |
|---|---|---|
| **SECTION I** | | |
| A  DWELLING | up to | $ 101,900 |
|    DWELLING EXTENSION | | $ 10,190 |
| B  PERSONAL PROPERTY | | $ 76,425 |
| C  LOSS OF USE | | ACTUAL LOSS SUSTAINED |
| **SECTION II** | | |
| L  Personal Liability (Each Occurrence) | | $ 100,000 |
|    Damage to Property of Others | | $ 500 |
| M  Medical Payments to Others (Each Person) | | $ 1,000 |

Inflation Coverage Index: 143.3

**Deductibles - SECTION I**

ALL LOSSES                                    $   1,000

In case of loss under this policy, the deductibles will be appl per occurrence and will be deducted from the amount of the loss. Other deductibles may apply - refer to your policy.

**Policy Premium**                    $   942.00

Discounts Applied
CLAIM RECORD
HOME/ AUTO

Loss Settlement Provision (See Policy)
A1: Replacement Cost - Similar Construction
B1: Limited Replacement Cost - Coverage B

Forms, Options, & Endorsements
HOMEOWNERS POLICY                    FP - 7955
INCREASE DWELLING UP TO $20,380      OPTION ID
ORDINANCE/LAW  10%/ $10,190          OPTION OL
AMENDATORY ENDORSEMENT               FE-7201.2
SPECIAL LIMITS                       FE-5258
POLICY ENDORSEMENT                   FE-5320

Other limits and exclusions may apply - refer to your policy

PREPARED
JAN 17, 2005
JG
FP-7001.5C

Your policy consists of this page, any endorsements

COUNTERSIGNED                                     20

BY                                                AGE

NALL INSURANCE AGENCY INC  (RON)
334-222-3106

Policy Number | **DECLARATIONS PAGE** COVERAGE SUMMARY 01-17-2005

01-10-9842-5

**STATE FARM FIRE AND CASUALTY COMPANY**
**100 STATE FARM PARKWAY, BIRMINGHAM AL 35297-0001**
A STOCK COMPANY WITH HOME OFFICES IN BLOOMINGTON, ILLINOIS



**NAMED INSURED**                     2118-F285

JONES, JACOB N & PEGGY SUE
30638 STRAUGHN SCHOOL RD
ANDALUSIA, AL  36421-5519

## HOMEOWNERS POLICY

**Automatic Renewal** - If the **policy period** is shown as **12 months,** this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

| **Policy Period:** | 12 MONTHS |
|---|---|
| **Effective Date:** | OCT 08, 2001 |
| **Expiration Date:** | OCT 08, 2002 |

The policy period begins and ends at 12:01 A.M standard time at the residence premises.

Location of Residence Premises
  SAME AS INSURED'S ADDRESS

| | Coverages & Property SECTION I | Limits of Liability | | Inflation Coverage Index: 145.7 |
|---|---|---|---|---|
| | | | | **Deductibles - SECTION I** |
| A | DWELLING | | $   103,800 | ALL LOSSES                      $    1,000 |
| | DWELLING EXTENSION | up to | $    10,380 | |
| B | PERSONAL PROPERTY | | $    77,850 | |
| C | LOSS OF USE | | ACTUAL LOSS SUSTAINED | |
| | SECTION II | | | In case of loss under this policy, the deductibles will be applied per occurrence and will be deducted from the amount of the loss. Other deductibles may apply - refer to your policy. |
| L | Personal Liability (Each Occurrence) | | $   100,000 | |
| | Damage to Property of Others | | $       500 | |
| M | Medical Payments to Others (Each Person) | | $     1,000 | |

**Loss Settlement Provision (See Policy)**
A1: Replacement Cost - Similar Construction
B1: Limited Replacement Cost - Coverage B

**Policy Premium**            $    877.00

Discounts Applied
CLAIM RECORD
HOME/ AUTO

| Forms, Options, & Endorsements | |
|---|---|
| HOMEOWNERS POLICY | FP-7955 |
| INCREASE DWELLING UP TO $20,760 | OPTION ID |
| ORDINANCE/LAW  10%/ $10,380 | OPTION OL |
| AMENDATORY ENDORSEMENT | FE-7201.2 |
| POLICY ENDORSEMENT | FE-5320 |
| SPECIAL LIMITS | FE-5258 |
| LOSS SETTLEMENT | FE-5273 |

──────────── Other limits and exclusions may apply - refer to your policy ────────────

PREPARED
JAN 17, 2005
JG
FP-7001.5C

COUNTERSIGNED                                        2005

BY _____  AGENT

NALL INSURANCE AGENCY INC  (RON)
334-222-3106

Your policy consists of this page, any endorsements and the policy form. Please keep these together

| Policy Number | DECLARATIONS PAGE   COVERAGE SUMMARY 01-17-2005 | |
|---|---|---|
| 01-10-9842-5 | STATE FARM FIRE AND CASUALTY COMPANY<br>100 STATE FARM PARKWAY, BIRMINGHAM AL 35297-0001<br>A STOCK COMPANY WITH HOME OFFICES IN BLOOMINGTON, ILLINOIS |  |

**NAMED INSURED**          2118-F285

JONES, JACOB N & PEGGY SUE
30638 STRAUGHN SCHOOL RD
ANDALUSIA, AL  36421-5519

## HOMEOWNERS POLICY

**Automatic Renewal** - If the **policy period** is shown as **12 months,** this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

**Policy Period:**     12 MONTHS
**Effective Date:**    OCT 08, 2002
**Expiration Date:**   OCT 08, 2003

The policy period begins and ends at 12:01 A.M standard time at the residence premises.

Location of Residence Premises
   SAME AS INSURED'S ADDRESS

| Coverages & Property | Limits of Liability | | Inflation Coverage Index: 150.4 | |
|---|---|---|---|---|
| **SECTION I** | | | **Deductibles - SECTION I** | |
| A  DWELLING | up to | $ 107,200 | ALL LOSSES | $ 1,000 |
|    DWELLING EXTENSION | | $  10,720 | | |
| B  PERSONAL PROPERTY | | $  80,400 | | |
| C  LOSS OF USE | | ACTUAL LOSS SUSTAINED | | |
| **SECTION II** | | | In case of loss under this policy, the deductibles will be appl per occurrence and will be deducted from the amount of the loss.  Other deductibles may apply - refer to your policy. | |
| L  Personal Liability (Each Occurrence) | | $ 100,000 | | |
|    Damage to Property of Others | | $    500 | | |
| M  Medical Payments to Others (Each Person) | | $  1,000 | | |

Loss Settlement Provision (See Policy)
A1: Replacement Cost - Similar Construction
B1: Limited Replacement Cost - Coverage B

Forms, Options, & Endorsements
HOMEOWNERS POLICY                   FP-7955
INCREASE DWELLING UP TO $21,440     OPTION ID
ORDINANCE/LAW  10%/ $10,720         OPTION OL
AMENDATORY ENDORSEMENT              FE-7201.2
SPECIAL LIMITS                      FE-5258
FUNGUS EXCLUSION                    FE-5398
LOSS SETTLEMENT                     FE-5273
POLICY ENDORSEMENT                  FE-5320

Policy Premium

Discounts Applied
CLAIM RECORD
HOME/ AUTO

--- Other limits and exclusions may apply - refer to your policy ---

PREPARED
JAN 17, 2005
JG
FP-7001.5C

COUNTERSIGNED                                  20

BY _____              AGE

NALL INSURANCE AGENCY INC (RON)
334-222-3106

Your policy consists of this page, any endorsements



**STATE FARM FIRE AND CASUALTY COMPANY**
A STOCK COMPANY WITH HOME OFFICES IN BLOOMINGTON, ILLINOIS

100 STATE FARM PARKWAY
BIRMINGHAM, AL 35297-0001

**NAMED INSURED**
2118-F285

JONES, JACOB N & PEGGY SUE
30638 STRAUGHN SCHOOL RD
ANDALUSIA, AL 36421-5519

**DECLARATIONS PAGE** COVERAGE SUMMARY
JAN 17, 2005

| Policy Number |
|---|
| 01-10-9842-5 |

| Policy Period: | Effective Date | Expiration Date |
|---|---|---|
| 12 MONTHS | OCT 08, 2003 | OCT 08, 2004 |

The policy period begins and ends at 12:01 A.M standard time at the residence premises.

## HOMEOWNERS POLICY

**Automatic Renewal** - If the **policy period** is shown as **12 months**, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

Location of Residence Premises
  SAME AS INSURED'S ADDRESS

| | Coverages & Property | Limits of Liability | |
|---|---|---|---|
| | SECTION I | | |
| A | DWELLING | up to | $ 108,300 |
| | DWELLING EXTENSION | | $ 10,830 |
| B | PERSONAL PROPERTY | | $ 81,225 |
| C | LOSS OF USE | | ACTUAL LOSS SUSTAINED |
| | SECTION II | | |
| L | Personal Liability (Each Occurrence) | | $ 100,000 |
| | Damage to Property of Others | | $ 500 |
| M | Medical Payments to Others (Each Person) | | $ 1,000 |

Inflation Coverage Index: 151.9

**Deductibles - SECTION I**

| ALL LOSSES | $ 1,000 |
|---|---|

In case of loss under this policy, the deductibles will be appli per occurrence and will be deducted from the amount of the loss. Other deductibles may apply - refer to your policy.

**Loss Settlement Provision (See Policy)**
A1: Replacement Cost - Similar Construction
B1: Limited Replacement Cost - Coverage B

Forms, Options, & Endorsements
HOMEOWNERS POLICY                     FP-7955
FUNGUS (INCLUDING MOLD) EXCLUSION     FE-5398
POLICY ENDORSEMENT                    FE-5320
AMENDATORY ENDORSEMENT                FE-7201.2
SPECIAL LIMITS                        FE-5258
INCREASE DWLG UP TO $21,660           OPTION ID
ORDINANCE/ LAW 10%/ $10,830           OPTION OL

| Policy Premium | $ 586.00 |
|---|---|

Discounts Applied
CLAIM RECORD RATING
HOME/ AUTO

Other limits and exclusions may apply - refer to your policy

Your policy consists of this page, any endorsements and the policy form. Please keep these together.

FP-7019C

JG    PREPARED JAN 17, 2005

By _____ Agent

NALL INSURANCE AGENCY INC (RON)
334-222-3106