# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB N. JONES and<br>PEGGY C. JONES,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY; et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   CASE NO.: 2:05-cv-1119-WKW-SRW<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' RESPONSE TO DEFENDANT STATE FARM FIRE AND CASULATY COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE OF COURT TO AMEND THE COMPLAINT TO ADD INDISPENSABLE PARTY DEFENDANT, MARK KING

COME NOW the Plaintiffs, by and through their undersigned counsel of record, and files this their Response to Defendant State Farm Fire and Casualty Company's Response in Opposition to Plaintiffs' Motion for Leave of Court to Amend the Complaint to Add Indispensable Party Defendant, Mark King, and as grounds in support thereof would state the following:

### STANDARD OF LAW

"'Indispensable parties are persons who, in the circumstances of the case must be before the court,' 3A J. Moore, *Moore's Federal Practice* ¶ 19.02..." *Steel Valley Authority v. Union Switch and Signal Div.*, 809 F.2d 1006, 6 Fed.R.Serv.3d 1104 (C.A.3 (Pa.) 1987). *Steel, Id.*, further states:

> An 'indispensability' analysis must start with *Federal Rule of Civil Procedure 19(a)*, which states that: A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest

1

relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party....

*Federal Rules of Civil Procedure,* Rule 15(a), states that leave should be freely given with regard to amendments for which leave of the court is required. *Federal Rules of Civil Procedure,* Rule 15(b), states that the court should be liberal when granting permission to amend when justice so requires. "Referring to the *Alabama Rules of Civil Procedure*, Rule 1 provides that: '. . . They shall be construed to serve the just, speedy and inexpensive determination of every action." *Miller v. Holder,* 292 Ala. 554, 297 So.2d 802 (Ala. 1974).

## ARGUMENT

The sole purpose of Plaintiffs amendment is to add an indispensable party defendant and was not an attempt to defeat diversity. Even under the current conditions there is not diversity among all parties, as the Motion to Dismiss has never been ruled upon. The Plaintiffs did not ask for permission to add Mark King as a Defendant for the purpose of defeating diversity, as the Defendants would have this Honorable Court believe. The Plaintiffs' sought to add Mark King as an indispensable party so that all issues of the case could be resolved in its entirety at one time, before one court of law, without the necessity of duplicating time, discovery and/or costs, etc. Adding Mark King as a party Defendant would benefit more than just the Plaintiffs. If the Plaintiffs are forced to seek remedy against Mark King in state court, then the Defendants and Plaintiffs alike would be required to duplicate work, expend additional monetary funds, etc., all

in an effort to defend a cause of action that ***directly and significantly*** relates to the cause before this court. (Emphasis added).

In the event this Honorable Court denies the Plaintiffs' amendment, the Plaintiffs would contend that the denial would unduly prejudice both Defendants and Plaintiffs because in that event the Plaintiffs and Defendants will be required to prosecute and defend two separate cases to obtain full compensation for the single injury upon which the Plaintiffs base their claim of relief. Additionally, the Plaintiffs' would be unduly prejudiced by the denial because Defendant State Farm could then assert the defense of res judicata in the second suit, due to it owing King a defense, as well as payment of potential judgment based upon their agency relationship.

As previously noted in the above Standard of Law, if a party should fall into either of the two categories outlined by *Rule 19(a)*, but cannot be joined because jurisdiction would then be destroyed, then "the court must determine under *Rule 19(b)* whether 'in equity and good conscience' the action should proceed without the absent party or whether the absent party is indispensable and the action should be dismissed (or, in the case of removal, remanded)." *Steel, Supra*. It should be noted it is not a strict requirement that the amending party be denied the ability to add an indispensable party just because of subject matter jurisdiction. Instead, it is a decision that should be determined by the court only after all the factors have been weighed. Without doubt, Defendant King would fall into these two categories outlined by *Rule 19(a)*. First, complete relief cannot be accorded to the Plaintiffs without adding King as a Defendant because then the Plaintiffs would be forced to seek a cause of action against King in a separate lawsuit. Additionally, without King as a Defendant, facts and issues testified to by all Defendants could result in divergent testimony. Although this is only an assumption, it is one

3

that could eventually be used against the Defendants and could possibly result in impeachable testimony.

Secondly, by not permitting leave for the Plaintiffs to add King as a Defendant, all parties, Defendants included, would be subjected to incurring a substantial risk of double, multiple and/or obligations inconsistent with the interest Plaintiffs have claimed.

Factors to be considered when analyzing a case under *Rule 19(b)* are:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

When considering these factors against the above styled cause, the Plaintiffs would first contend that they would be unduly prejudiced by this Honorable Court's disallowance to add Mark King as a Defendant because, as previously noted, State Farm would then have the defense of res judicata. Secondly, due to State farm's owing King a defense and payment of potential judgment related to their agency relationship, State Farm could potentially use the defense of res judicata since it would have received a complete release as part of the case before this court. Third, there is no certainty that a judgment rendered in the absence of Defendant King will be adequate, as the errors King made in the homeowner's insurance policy can only be explained by him. Fourth, there is no guarantee that without all facts being presented together and before one court, that there will be an adequate remedy if the action is dismissed for joinder.

As the Plaintiffs previously stated in their Motion for Leave of Court to Amend the Complaint, they were under the belief that Defendant Ron Nall purchased the State Farm agency in 2002 from Mark King, as stated in the Defendant Nall's Motion to Dismiss. Under this

4

theory, Plaintiffs' had reasonable belief that Nall would have assumed all assets and liabilities as is common in business acquisitions. However, based upon the information provided by Defendant Ron Nall in his Motion to Dismiss, the Defendant alleges that he did not acquire the business, but was only assigned the outstanding policies by State Farm. Based upon this allegation, the Plaintiffs were seeking leave by this Honorable Court to amend their Complaint and add as a party Defendant Mark King.

    After Plaintiffs' filed a homeowner's claim for the fire damage to their home, agent Ron Nall refused to speak to them for any reason whatsoever concerning the claim, but required all communications to be conducted through his secretary (or at the very least the lady in his office). At the time of the suit, the Plaintiffs had no way of ascertaining the exact business relationship between Nall, King and State Farm. To Plaintiffs' knowledge, transactions involving the sale of privately owned businesses are not a matter of public record. Accordingly, there was no way whatsoever for Plaintiffs' to disprove this belief. Additionally, Defendants' contention that "Plaintiffs' obtained this information on their own accord prior to any discovery…" is incorrect. (See Defendant's Conclusion, page 10, of Defendant State Farm Fire and Casualty Company's Response in Opposition to Plaintiffs' Motion for eave of Court to Amend the Complaint to Add Indispensable Party Defendant, Mark King). The Plaintiffs learned of this assertion, whether true or not, when Defendant Nall made it in his Motion to Dismiss. Prior to Nall's Motion to Dismiss, Plaintiffs' had no reason to believe Nall had not purchased the business from King and had not assumed all liabilities thereto. This information was in no way obtained "on their own accord", but was asserted by Defendant Nall himself in his Motion to Dismiss prior to any discovery being conducted.

5

Upon Defendant Nall's assertion that he had not purchased the establishment from Mark King and that he had not assumed the liabilities of the company, the Plaintiffs' immediately sought to add Mark King as a Defendant. This alleged information was not discoverable to the Plaintiffs until such time as Defendant Ron Nall filed his Motion to Dismiss on or about November 22, 2005. At that time, the Plaintiffs immediately sought permission to amend their complaint. However, it should be noted that the *Miller, Supra,* case notes "that while laches [sic] and unexcused delay may bar a proposed amendment, the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is **not prejudiced**. . . .' Moore's Federal Practice, Vol. 3, s 15.08(4), page 901." (Emphasis added). By adding Mark King as a Defendant, the Defendants would not be prejudiced in any conceivable way. By the admission of State Farm's counsel, they would also provide a defense for Mark King if the Plaintiffs' are granted permission to add him as a party Defendant. Also, Mark King is a vital and key individual to both parties in this cause of action, as he can shed light on the square footage discrepancy, what coverages the Plaintiffs' purchased from State Farm, as well as his working relationship with the Plaintiffs while procuring insurance on their behalf.

Additionally, the Plaintiffs would contend that at the time they asked for leave to Amend the Complaint and add Mark King as an indispensable party, this Honorable Court had not granted, nor denied, Defendant Ron Nall's Motion to Dismiss, thereby having no diversity issue to address. At the filing of this Response, a decision has still not been ordered as to Nall's Motion to Dismiss.

It is Plaintiffs' contention, however, that the Defendant opposes the adding of Defendant King so as to insure diversity, assuming Defendant Nall is dismissed. However, Plaintiffs still adamantly contend Nall's dismissal is a question for the jury. (See Plaintiffs' Response to

Defendant Nall's Motion to Dismiss, filed with this Honorable Court on or about January 17, 2006). Furthermore, even if this Honorable Court should grant Defendant Nall's Motion to Dismiss, the Plaintiffs would still contend that Defendant Mark King is an indispensable party regardless of diversity.

By adding Mark King as an indispensable party, it would not unduly prejudice the Defendants, but it would be detrimental to the Plaintiffs' case against the Defendants and would unduly prejudice their cause of action. *Miller, Id.,* states that under the *Federal Rules of Civil Procedure,* Rule 15(a) and (b), it is irrelevant that a "proposed amendment changes the cause of action of the theory of the case or that it states a claim arising out of a transaction different from that originally sued on or that it caused a change in parties. . . . The rule, instead, is that amendments are to be ***allowed*** freely . . . when justice so requires. Normally, an amendment should be denied only if the amendment would cause actual prejudice to the adverse party. 6 Wright & Miller, Federal Practice & Procedure, Civil, s 1484 (1971). . . .' 290 Ala. 435." (Emphasis added). Whereas the Plaintiffs' proposed amended complaint does not change any claims, they are attempting to add a party that is significantly and directly related to their cause of action and by granting the amendment, the adverse party would not be prejudiced.

Furthermore, Plaintiffs could find no authority that held that a Defendant would be prejudiced by even adding a proper party even though that party was not an indispensable party. In fact, in the *Miller, Id.,* case, as part of their argument to add parties, was the fact that there was no authority to show that adding a party, that was not an indispensable party, would be prejudicial to the parties. Furthermore, the *Miller, Id.,* court found that "[t]he fact that the additional parties are not indispensable parties does not appear to be a reason for disallowing an amendment which adds additional defendants." In fact the *Miller* court found that "the

7

defendants would not suffer 'actual prejudice' for the reasons noted in respondent's answer, and that in the light of the admonitions that leave to amend shall be freely given when justice so requires, the plaintiff here should be allowed to amend his complaint by adding the additional defendants as he has undertaken to do."

## CONCLUSION

Plaintiffs' Motion for Leave of court to Amend the Complaint to Add Indispensable Party Defendant, Mark King, is due to be granted, as the Plaintiffs do not seek to add him as a party defendant to defeat diversity. Plaintiffs' sought to add Mark King as a Defendant after learning through Defendant Nall that Nall may not have purchased all liabilities from King. However, the Plaintiffs currently have no evidence to validate Nall's assertions that he is not liable for any outstanding obligations and liabilities of Mark King's prior agency. Plaintiffs had no knowledge, then or now, or any way to either confirm or deny this allegation made by Defendant Nall. This is a contention that Plaintiffs will be seeking additional discovery to either prove or disprove this allegation. If Plaintiffs are denied the ability to add Mark King as a Defendant they will be unduly prejudiced, resulting in injuries that will include, but not be limited to, monetary duplication, time duplication, preparation for trial duplication, and deposition duplication. By the Plaintiffs being required to file a second claim against Mark King in state court, at which time State Farm would be required to provide King a defense as well as payment for any potential judgment, Defendant State Farm could then possibly claim the defense of res judicata, which it otherwise would not be entitled to if this case was adjudicated as one case. Whether to allow the joinder of a party defendant is strictly at the court's discretion, depending up the facts of the case.

8

WHEREFORE, premises considered, the Plaintiffs hereby respectfully request that this Honorable Court *grant* Plaintiffs' Motion for Leave of Court to Amend the Complaint to Add Indispensable Party Defendant, Mark King.

Respectfully submitted this the 25th day of January, 2006.

/s/ Marcus N. Jones
MARCUS N. JONES (JONEM6711)
Attorney for Plaintiffs

OF COUNSEL:

Marcus N. Jones, Esquire
2416 Walking Fern Lane
Hoover, Alabama 35244
(205) 402-0942

## CERTIFICATE OF SERVICE

I hereby certify that on 25th day of January 2006, I electronically filed Plaintiff's Response to Defendant Nall's Motion to Dismiss with the Clerk of the Court using the CM/ECF systems which will send notification of such filing to the following:

Michael S. Jackson, Esquire
Michael B. Beers, Esquire
Beers, Anderson, Jackson, Patty & Van Heest, P.C.
P.O. Box 1988
Montgomery, Alabama 36102-1988

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

/s/ Marcus N. Jones
OF COUNSEL