IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB N. JONES, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:05-cv-1119-WKW |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on May 30, 2007, at 2:00 p.m. in Courtroom 2-E, Frank M. Johnson, Jr. U.S. Courthouse Complex, One Church Street, Montgomery, Alabama, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

    Plaintiffs: Jacob N. and Peggy C. Jones.  Counsel for Plaintiffs: Bryan P. Winter

    Defendant: State Farm Fire & Casualty Company.  Counsel for Defendant: Micheal S. Jackson and James H. Anderson

    COUNSEL APPEARING AT PRETRIAL HEARING: Same as trial counsel.

2. JURISDICTION AND VENUE: Jurisdiction is based upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §1332.  Venue is proper in the Middle District of Alabama as the events in question occurred in Covington County, Alabama.

3. PLEADINGS:  The following pleadings were allowed:

    (a) Plaintiffs' Complaint

    (b) State Farm Fire & Casualty Company Answer

4. CONTENTIONS OF THE PARTIES:

(a) The Plaintiffs: Plaintiffs' contend that Mark King, who was their State Farm Agent until he retired in the year 2002, inspected their home and measured their home to calculate estimated replacement costs and, through negligence, miscalculated the existing square footage of the home. King then used information provided to him by State Farm to calculate the estimated replacement cost based upon that square footage and, through negligence, miscalculated or understated the estimated replacement cost of the home. Plaintiffs contend that Mark King did this after they were through with remodeling and additions to their home. Plaintiffs further contend that King did not furnish this information to the Plaintiffs. Instead, Plaintiffs contend that King furnished to them only the estimated replacement cost of the home, not the basis upon which the estimated replacement cost was made. Plaintiffs contend that they relied upon Mark King and contend that he had expertise with regard to the value of their home and the estimated replacement cost of the home that they did not have. Because of the miscalculation or mistake made by King, through his negligence, Plaintiffs did not have sufficient insurance in force when they suffered a total loss to their dwelling on July 28, 2004, when a fire occurred. Both estimates for the repair to the dwelling exceeded $213,000.00. At the time of the loss, the Plaintiffs had an insurance policy with limits for dwelling coverage in the amount of $116,856.00 and an additional option Increased Dwelling which provided an additional twenty percent (20%) of the limits of the policy, or $23,371.20, for a total available amount of insurance for the dwelling in the amount of $140,227.20. Plaintiffs could not rebuild or replace their home for that amount. Plaintiffs claim compensatory damages in the amount of $85,420.80, which is the difference between the limits in force on the date of loss and the average of the two estimates provided to State Farm Fire & Casualty Company for replacement of their home.

    (b)    <u>The Defendant</u>: State Farm Fire & Casualty Company contends that it is the duty of the homeowner, not its agent, to determine the limits of insurance the homeowner needs. Homeowners need various amounts of insurance for various reasons. Some homeowners insure only the outstanding principal amount of their mortgages. Some homeowners insure only the actual cash value of their homes. Other homeowners insure estimated replacement cost. It is up to the homeowner to select the appropriate amount of coverage. State Farm Fire & Casualty Company contends that it provided information to the Plaintiffs but also informed the Plaintiffs that State Farm's estimate of replacement cost was only an estimate which could not be relied upon as being a guarantee of what amount it would take to rebuild the home in the event of a total loss. State Farm contends that the last time Mark King measured the home and calculated estimated replacement cost, that the estimate was accurate at the time and reflected the correct square footage of the home and the best estimate of replacement cost at the time the calculation was made. However, there is no guarantee that, over time, and from year-to-year, a homeowner will have sufficient insurance coverage in the event of a total loss. Therefore, it is important for a homeowner to review and determine from year-to-year the amount of limits and to make sure that the limits are appropriate for the needs of the homeowner. State Farm contends that the Plaintiffs were contributorily negligent in not reading the information provided to them by State Farm and not making sure themselves that they had adequate limits to insure their dwelling.

    5.    <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

    (a)    The parties are properly named.

    (b)    The parties stipulate to the authenticity of all documents exchanged during the course of discovery.

  (c) The Joneses built the house which is the subject of this case sometime in 1970 or 1971.

  (d) Mark King became a State Farm agent in 1977.

  (e) Jacob Jones contacted Mark King to obtain homeowners insurance on the house from State Farm.

  (f) State Farm first issued a homeowners insurance policy to the Joneses in 1981.

  (g) Jones had Increased Dwelling coverage on his policy beginning the October 8, 1998 policy period and continuing each year after that.

  (h) In the month of March 2001, Mark King retired.

  (i) Ron Nall took over King's book of business and became the agent of record for policyholders who had obtained insurance with State Farm through Mark King.

  (j) On or about July 28, 2004, the Jones' residence was destroyed by fire.

  (k) At the request of State Farm, Jones obtained two estimates from local contractors to rebuild the home and had them sent directly to Claims Representative Mims Hackett at State Farm.

  (l) The two estimates to replace the Jones' home were $237,840.00 and $213,456.00.

  (m) State Farm paid to the Jones' $140,227.20.

It is ORDERED that:

1. The jury selection and trial of this cause, which is to last 2 days, is set for July 23, 2007, at 10:00 a.m., in Courtroom 2-E of the Frank M. Johnson, Jr., United States Courthouse Complex, One Church Street, Montgomery, Alabama.

  2. A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term.

  3. The parties shall file any requested voir dire questions, fully briefed motions in limine, proposed jury instructions, and proposed verdict forms with legal citations thereon, on or before July 9, 2007.

  4. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before July 18, 2007.

  5. Each party shall submit at the time of trial, for use by the court (the judge, law clerk, and courtroom deputy), three copies of the witness list, exhibit list, and notebook of all pre-marked exhibits, including and identifying those to which objections are outstanding.

  6. Each party shall submit one copy of the exhibits which are not objected to for each juror and one copy for opposing counsel (if not prepared jointly).

  7. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

  8. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 24) entered by the court on May 5, 2006.

  9. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the court.

  DONE this 11th day of June, 2007.

             /s/ W. Keith Watkins
             UNITED STATES DISTRICT JUDGE