IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB N. JONES and PEGGY C. JONES, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 2:05-cv-1119-WKW ) |
| STATE FARM INSURANCE COMPANY, et al., | ) ) ) |
| Defendants. | ) ) |

## MOTION TO CONTINUE TRIAL

NOW COMES Defendant State Farm Fire and Casualty Company (hereinafter "State Farm"), by and through counsel, and moves the Court to continue trial of the case from the July 23 trial docket and shows unto the Court as follows:

1. Counsel for State Farm is coming before the Court "hat in hand" with Plaintiffs' permission and consent, seeking the indulgence of the Court for not discussing a continuance at the Pretrial Conference and for filing this motion following same.

2. At the Pretrial Conference, lead counsel for State Farm, Micheal S. Jackson, introduced James Anderson as co-counsel in the case and advised the Court that James Anderson would be trial counsel for the case due to a conflict with the July 23, 2007 trial term. The conflict is a church mission trip to Bulgaria July 19-31, 2007.

3. Counsel for State Farm had not advised his client State Farm of the conflict posed by counsel's planned church missions trip prior to the Pretrial Conference. This was completely the fault of counsel for State Farm and should have been discussed with State Farm prior to the Pretrial Conference and with the Court at the Pretrial Conference.

4. Counsel for State Farm recognizes that he is asking the Court to "bail him out" of the predicament created by his delay in seeking a continuance. In retrospect, counsel for State Farm should have filed a Motion to Continue as soon as the conflict became apparent.

5. Counsel for State Farm shows the Court that the reason (there is no excuse) for not seeking a continuance earlier is because the case had been pared down to only one remaining count -- negligence -- and that there was a probability that summary judgment was going to be granted in favor of State Farm. Knowing that the Motion for Summary Judgment had already been briefed and knowing that the Court's Uniform Scheduling Order advised the parties that the motion would be addressed at the Pretrial Conference, counsel for State Farm held off filing a Motion to Continue the trial because if the trial was continued, the Pretrial Conference would also likely be continued, thereby delaying a ruling on the pending Motion for Summary Judgment which was filed and fully briefed.

6. Following the Pretrial Conference, counsel for State Farm asked State Farm for permission to allow James Anderson to try the case. (Counsel readily admits this should have been done *before* the Pretrial Conference). Because Micheal S. Jackson has handled all aspects of the case up to and including the Pretrial Order and because James Anderson has not attended depositions, worked on motions, or handled any aspect of the case, State Farm's preference is for Micheal S. Jackson to try the case. One of the reasons for this is because of the extra time and, therefore, expense it will take for James Anderson to learn the case and get up to speed to try the case. Accordingly, State Farm has requested counsel to seek a continuance to allow Micheal S. Jackson to remain as trial counsel for the case.

7.     Counsel for State Farm understands that this situation is a mess of his own making and could have been avoided by earlier action. Thus, counsel for State Farm apologizes to the Court and to the Plaintiffs for not addressing this matter with State Farm prior to the Pretrial Conference and with the Court and the Plaintiffs prior to or at the Pretrial Conference. In retrospect, counsel for State Farm admits candidly that was the proper course of action.

8.     Because of the nature of the conflict being a church missions trip, the Plaintiffs, Jacob and Peggy Jones, have no objection to a continuance in the case. Counsel for State Farm has already consulted with counsel for the Joneses and counsel for the Joneses has already consulted with the Joneses and have given permission to counsel for State Farm to advise the Court that the Plaintiffs have no objection to a continuance. Counsel for State Farm, therefore, humbly seeks the indulgence of the Court and requests that the case be continued to the Court's next available trial term.

**RESPECTFULLY SUBMITTED** this the 13th day of June, 2007.

    s/ Micheal S. Jackson
**MICHEAL S. JACKSON [JACKM8173]**
Attorney for Defendant State Farm Fire and
Casualty Company

BEERS, ANDERSON, JACKSON,
 PATTY, VAN HEEST & FAWAL, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 (fax)
mjackson@beersanderson.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 13, 2007, I electronically filed a MOTION TO CONTINUE TRIAL with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brian P. Winter, Esq.
ADCOX WINTER, LLP
611 Helen Keller Blvd.
Tuscaloosa, AL 35404

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

                                              s/ Micheal S. Jackson
                                              **OF COUNSEL**